FILED
JUN 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**Ernest Simpson, #18567-037**
196 Kent Drive
Ruther Glen, Virginia 22546
(804) 448-8503

                              Plaintiff,

       -against-

**Federal Bureau of Prisons,**
Office of General Counsel
320 First Street, NW
Washington, DC 20534

**Harrell Watts,**
Federal Bureau of Prisons
Central Office
320 First Street, NW
Washington, DC 20534

**D. Scott Dodrill,**
Northeast Regional Director
Federal Bureau of Prisons
Northeast Regional Office
2nd and Chestnut Streets, 7th Floor
Philadelphia, Pennsylvania 19106

Sued in their individual and
Official capacity

                         **Defendants**

---

CASE NUMBER 1:06CV01090

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 06/15/2006

**COMPLAINT**    CASE RE-ASSIGNED

CASE NUMBER _____

JURY TRIAL DEMANDED

JURY ACTION

**K. Bittenbender,**
Allenwood Medium FCI
P.O. Box 2500
White Deer, Pennsylvania 17887

**Margie Cook,**
Allenwood Medium FCI
P. O. Box 2500
White Deer, Pennsylvania 17887


RECEIVED
JUN - 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**Preliminary Statement**

This is a civil rights action filed by Ernest Simpson, a former federal prisoner, for damages and injunctive relief under Bivens Action, Article III, Section 2 of the United States Constitution, and 28 U.S.C. Section 1333, alleging arbitrary/unfair action of government and deprivation of liberty "without due process of law" in violation of the Due Process Clause of the Fifth Amendment to the Constitution; and upon the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 1346 (b) and Sections 2671-2680, the Eighth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

**Jurisdiction**

1. The court has jurisdiction over the Plaintiffs' civil actions arising under the Constitution, laws, or treaties of the United State pursuant to U.S.C. Section 1331, the FTCA, 28 U.S.C. Section 1346 (b) and Sections 2671-2680, the Eighth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

**Parties**

2. On, or about September 8, 2005, Plaintiff, in compliance with the FTCA, filed a claim against the Federal Bureau of Prisons (BOP) for damages arising from the acts, actions and omissions of and by the employees, servants, agents, and/or ostensible agents of the BOP.

3. On, or about, February 28, 2006 Plaintiff received notice from the BOP that his claim had been denied.

4. Plaintiff's Complaint was filed within the six-month time period from the date of denial of the claim by the BOP pursuant to 28 U.S.C. Section 2401 (b).

5. The Plaintiff Ernest Simpson was incarcerated at the Federal Correctional Institution Allenwood ("Allenwood") during the events described in this Complaint.

6. Defendant Federal Bureau of Prisons is the Governmental Agency of the United States Government.

7. Bureau of Prisons duty under federal statute is to provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

8. Defendant Harrell Watts is the Administrator of National Inmate Appeals and is responsible for reviewing all National Administrative Appeals of disciplinary charges filed by FCI Allenwood inmates. He is sued in his individual and official capacities.

9. Defendant D. Scott Dodrill is the Northeast Regional Director and is responsible for reviewing all Northeast Regional Appeals of disciplinary charges filed by FCI Allenwood inmates. He is sued in his individual and official capacities.

10. Defendant K. Bittenbender is the Discipline Hearing Officer at FCI Allenwood and is responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. He is sued in his individual and official capacities.

11. Defendant Margie A. Cook is the SIS Technician at FCI Allenwood and is responsible for conducting investigations and charging prisoners accused of breaking prison rules. She is sued in her individual and official capacities.

**Facts**

12. On November 7, 2005, Plaintiff received a money order from Tawana Grimes.

13. The envelope that Plaintiff received at mail call did not have a return to sender name on the envelope.

14. The money order receipt sent to Plaintiff from the business office only had "Grimes" name on the receipt.

15. Plaintiff knows Ernest Grimes and Thomas Grimes.

16. Plaintiff does not know Tawana Grimes but has known her family for more than 30 years.

17. The Grimes families are not related.

18.. Section 11 of the Incident Report indicates the female who sent the money order to Plaintiff was an associate of Michael Ingram another inmate at FCI Allenwood

19. On November 12, 2003, Defendant Margie Cook monitored incoming money transactions which were received in the mail room on November 7, 2003.

20. In doing so Defendant Margie Cook found two money orders that were purchased on the same date (October 30, 2003) by sender Tawana Grimes.

21. One money order was mailed to Michael Ingram.

22. The Incident Report indicates that Ingram had sent thousands of dollars to Tawana Grimes since November of 2002 which could be confirmed by Ingram's money trail.

**Denial of Due Process**

23. Defendant Margie cook assumed that Tawana Grimes was sending money to Plaintiff on Inmate Ingram's behalf charging without any supporting evidence that Plaintiff was receiving money for prohibited acts.

24. On November 13, 2003, Defendant Margie Cook wrote an Incident Report Charging Plaintiff with Receiving Money From Another Inmate for Prohibited Purpose, a High Category Code 217 Violation.

25. On November 20, 2003, Plaintiff received a disciplinary hearing before Defendant K. Bittenbender.

26. During the hearing Plaintiff told Defendant Bittenbender that he did not know Tawana Grimes nor had he for any reason asked Inmate Ingram for money.

27. After the hearing Plaintiff received a written disposition signed by Defendant Bittenbender finding Plaintiff guilty as charged based on Defendant Margie Cook's Incident Report and sentencing Plaintiff to 15 days in punitive segregation, forfeiture of 27 days Statutory Good Time, 6 months loss of commissary, and loss of job.

28.. Defendant Margie Cook's Incident Report provided to the Plaintiff alleged that the Plaintiff received money from another inmate for a prohibited purpose.

29. Defendant Margie Cook's Incident Report did not state any facts showing a prohibited purpose for which Plaintiff received the money.

30. Pursuant to prison procedure, Plaintiff filed an administrative appeal with the Defendant Dodrill, pointing out that he never exchanged money for contraband with Inmate Ingram or any other inmate, that there was no evidence supporting the charge of receiving money from another inmate for prohibited purpose, and the written disposition did not explain the reasons for the findings of guilt.

31. Defendant Dodrill remanded back to Defendant Bittenbender for further review instructing that "for purposes of introducing contraband or any other illegal or Prohibited purposes" ..." the record does not contain evidence that inmate Simpson was aware of this transaction prior to its occurrence. ... absent evidence to support a Code 217 charge, the Incident Report must be expunged. "

32. On March 4, 2004, the Defendant Bittenbender scheduled a rehearing at

Which time he ignored Defendant Dodrill's instructions to expunge the Incident report, he made the finding that Plaintiff committed the prohibited act of receiving money for prohibited purpose.

33. Pursuant to prison procedure, Plaintiff filed his second Administrative Appeal with Defendant Dodrill, pointing out that Defendant Bittenbender knowingly and intentionally made false statements, making those statements part of inmate's record (1) Plaintiff was involved in doing legal service/work for other inmates, charging for his Work, (2) Inmate Ingram was exchanging money with Inmate Simpson for contraband, (3) Ingram was involved in sending thousands of dollars outside and filtering in through Inmate Simpson.

34. Defendant Dodrill partially granted the appeal making a determination that Defendant Bittenbender had ordered a rehearing.

35. Pursuant to Administrative Remedy Procedure, the Plaintiff filed an administrative appeal with Defendant Harrell Watts, pointing out that Defendant Bittenbender fail to follow criteria appropriate, rational, and consistent with its enabling Rules and Regulations so that its decision is not arbitrary and capricious, nor based on impermissible considerations.

36. Plaintiff further pointed out that any finding of fact by Defendant Bittenbender is tainted based upon the false allegations/statements knowingly and Intentionally placed into the inmate record has forfeited his right to rehear this disciplinary action.

37. Defendant Watts denied Plaintiff's appeal requesting him to expunge the Incident Report and return Good Time Credits.

38. Defendant Bittenbender did not schedule a rehearing; Plaintiff was released 11 months later without having a rehearing.

**Claims for Relief**

39. The actions of Defendant Margie cook in writing Plaintiff an Incident Report for receiving money from another inmate for prohibited purposes with no evidence to support the charge denied Plaintiff the due process of law in violation of the Fifth Amendment to the United States Constitution.

40. The actions of Defendant Bittenbender placing false allegations and statements in Plaintiff's record without giving him an opportunity to response to charges, finding him guilty of receiving money from another inmate for prohibited purposes with no evidence to support the charge, forfeiture of statutory good time credits, punitive segregation, and the failure to provide a meaningful explanation of the findings of guilt denied the Plaintiff due process of law in violation of the Fifth Amendment to the United States Constitution.

41. The actions of Defendant Scott Dodrill in refusing to overturn the Plaintiff's disciplinary conviction, despite his knowledge of the above described due process violations, constituted deliberate indifference and further denied the Plaintiff due process of law in violation of the Fifth Amendment to the United States Constitution.

42. The actions of Defendant Harrell Watts in refusing to overturn the Plaintiff's disciplinary conviction, despite his knowledge of the described due process violations, constituted deliberate indifference and further denied Plaintiff the due process of law in violation of the Fifth Amendment to the United States Constitution.

43. The Defendants, Harrell Watts, D. Scott Dodrill, K. Bittenbender, and

Margie Cook was an agent, servant, employee or ostensible agent, servant, or employee of the Federal Bureau of Prisons.

44. At all times relevant hereto, the Defendants were acting within the scope of their employment as agent, servant, or employee of the Federal Bureau of Prisons.

45. Federal Bureau of Prisons is responsible for and/or vicariously liable for the actions or inactions of Defendants with respects to the disciplinary proceedings and actions, which constitutes deliberate indifference and denial of due process.

**Relief Requested**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendants Cook in writing the Incident Report, Defendant Bittenbender actions in conducting the Plaintiff's disciplinary hearing and Defendants Dodrill and Watts's action in sustaining it, violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

B. Issue an injunction ordering Defendant Federal Bureau of Prisons or their agents to:

1. Immediately submit/produce all disciplinary records including appeals affidavits and exhibits.

C. Issue an injunction ordering the Federal Bureau of Prisons to :

1. Expunge the disciplinary convictions described in this complaint from the Plaintiff's institution record.

D. Award compensatory damages jointly and severally against:

2. Defendant Federal Bureau of Prisons, Watts, Dodrill, Bittenbender, and Cook for the punishment and emotional injury resulting from their denial of due process in connection with the Plaintiff's disciplinary proceedings. In the amount of $ 400,000.00.

E. Award punitive damages against Defendants Federal Bureau of Prisons, Watts, Dodrill, Bittenbender, and Cook. In the amount of $ 400,000.00.

F. Grant Attorney Fees and Costs and any other damages to which Plaintiff is entitled under the law.

June 1, 2006

*Ernest Simpson*
Ernest Simpson
196 Kent Drive
Ruther Glen, Virginia 22546
(804) 448-8503