# ATTACHMENT A

TRT-NER-2005-04683

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| Northeast Regional Office U.S. Bureau of Prisons 2nd & Chestnut Streets, 7th Floor Philadelphia, PA 19106 | Ernest Simpson (former #18567-037) 196 Kent Drive Ruther Glen, VA 22546 |

| 3. TYPE OF EMPLOYMENT [ ] MILITARY [X] CIVILIAN | 4. DATE OF BIRTH 7/25/41 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT November 20, 2003 | 7. TIME (A.M. or P.M.) A.M. & P.M. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)* I was an inmate at Allenwood Federal Correctional Institution from 2000 to March 7, 2005, inmate number 18567-037. On November 7, 2003, I received a money order from Tawana Grimes. As a result of the November 7, 2003 incident, I was served with disciplinary charges for receiving money from another inmate for prohibited purpose. I received a disciplinary hearing on November 20, 2003. Reference: Incident Report #1161850, Appeal #320229-R1 through R3 and Appeal #329151 -A1.

The evidence against me consisted solely of the written report of Margie Cook, SIS Technican and my testimony. Ms Cook's report did not state any facts showing that I (see attached page)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)* N/A

DATE RECEIVED SEP 8 2005 BOP REGIONAL COUNSEL PHILADELPHIA, PA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)* N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Disciplinary Segregation for 15 days, Forfeiture of Statutory Good Conduct Time-27 days, loss of commissary privileges for 180 days and loss of job assignment where I had worked for four (4) years.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Michael Ingram #22090-016 | Federal Bureau of Prisons (inmate no longer at Allenwood) |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE N/A | 12b. PERSONAL INJURY $850,000.00 | 12c. WRONGFUL DEATH N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $850,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Ernest Simpson | 13b. Phone number of signatory 804-448-8503 | 14. DATE OF CLAIM 9/5/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
*Previous editions not usable.*
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE

TORT CLAIM
(additional page - 2)


received money for purposes of introducing contraband or for any other illegal
or prohibited purposes.  I specifically denied doing so at the hearing. Michael
Ingram also stated to the UDC and DHO that he did not own me any money plus
stated that I would not accept anything from him for my legal assistance.

The DHO falsified the records by making findings that I exchanged money for
contraband and that inmate Ingram was filtering thousands of dollars into the
institution through me.

I never exchanged money for contraband or had monies filtered through me to
Michael Ingram or any other inmate.

The Regional Director returned my appeal to the DHO two times for rehearing.
Ten to twelve months lapsed without having a rehearing from the last appeal.
I was released March 7, 2005, 27 days past my mandatory release date without ever
receiving a rehearing.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC 20530 | Washington, DC 20503 |

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes. If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☒ No

N/A

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| N/A | N/A |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes. If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

N/A

SF 95 (Rev. 7-85) BACK

ATTACHMENT B

U.S. Department of Justice

Federal Bureau of Prisons
*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

February 28, 2006

Ernest Edward Simpson, Reg. No. 18567-037
196 Kent Drive
Ruther Glen, Virginia 22546

RE: Administrative Tort Claim No. TRT-NER-2005-04683

Dear Mr. Simpson:

This is in response to Administrative Tort Claim No.
TRT-NER-2005-04683, properly received by this agency on
September 8, 2005, and being considered for settlement as
provided by the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2672,
under authority delegated to me by 28 C.F.R. § 543.30.  You seek
compensatory damages in the amount of $850,000.00 for an alleged
personal injury.  Specifically, you received a money order from a
female individual and, as a result, received disciplinary charges
for receiving money from another inmate.  You contend you did not
exchange money for contraband or had monies filtered through
yourself to another inmate.  You further contend you were held
beyond your mandatory release date as a result of the
disciplinary action taken against you.

After careful review of your claim, I have decided not to offer a
settlement.  Investigation reveals you received an incident
report for receiving a money from another inmate for a prohibited
purpose (Code 217) on November 12, 2003, after receiving money
from a known associate of another inmate at FCI Allenwood.  After
you appealed the actions of the Disciplinary Hearing Officer
(DHO) on two separate occasions, your charges were changed to
receiving money from another inmate without staff authorization
(Code 328).  You were given one DHO hearing and two re-hearings
during this entire process.  A review of all evidence in this
case indicates staff appropriately followed policies and
procedures with respect to this disciplinary action.  The DHO had
some evidence you committed the prohibited act and took
appropriate action.  You fail to show that negligence on the part
of any Bureau of Prisons' employee resulted in your alleged
injury.

Ernest Edward Simpson, Reg. No. 18567-037
Claim No. TRT-NER-2005-04683
Page Two


Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may bring an action against the United States
in an appropriate United States District Court within six (6)
months of the date of this letter.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: Karen F. Hogsten, Warden, FCI Allenwood

ATTACHMENT C

BP-S288.052 INCIDENT REPORT CDFR
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

| 1. Name of Institution | FCI Allenwood | Incident Report Number | 1161850 |
|---|---|---|---|

**Part I - Incident Report**

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Simpson, Ernest | 18567-037 | 11/07/2003 | 9 a.m. |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| FCI Allenwood | Unit 4B Orderly | 4-B |

| 9. Incident | Receiving Money from Another Inmate for a Prohibited Purpose | 10. Code | 217 |
|---|---|---|---|

| 11. Description of Incident | Date: 11/12/03 | Time: 12 pm | Staff became aware of Incident |
|---|---|---|---|

On November 12, 2003, I monitored incoming money transactions which were received in the mail room on November 7, 2003. In doing so, I found a money order, dated October 30, 2003, for $200, which was sent to Inmate Simpson, Ernest (Reg Number 18567-037). The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD 20744. Tawana Grimes is an associate of Inmate Ingram, Michael (Reg No 22090-016), which can be confirmed by Ingram's money trail. Ingram has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding. Inmate Ingram received a $300 money order from Ms. Grimes on November 3, 2003, which was purchased on the same date (October 30, 2003) as Inmate Simpson's money order. It is apparent that Ms. Grimes was sending money to Inmate Simpson on Inmate Ingram's behalf. This type of money transaction is unauthorized.

| 12. Signature of Reporting Employee | Date and Time | 13. Name and Title (Printed) |
|---|---|---|
| Margie A. Cook | 11-12-03 1:55pm | Margie A. Cook, SIS Technician |

| 14. Incident Report Delivered To Above Inmate By: | 15. Date Delivered | 16. Time Delivered |
|---|---|---|
| Gorsamti | 11-13-03 | 8:15 Am |

**Part II - Committee Action**

17. Comments Of The Inmate To The Unit Discipline Committee Regarding The Above Incident

I did Not ask for this money, Nor did I know who sent it. Ingram doesn't owe me any money

| 18. A. It Is The Finding Of The Committee That You: | B. | X | The Committee Is Referring The Charge(s) To The DHO For Further Hearing. |
|---|---|---|---|
| ___ Committed The Following Prohibited Act. | | | |
| ___ Did Not Commit A Prohibited Act | | | |
| | C. | ___ | The Committee Advised The Inmate Of The Finding And Of The Right To File An Appeal Within 15 Calendar Days. |

19. Committee Decision is Based On The Following Information.

The Body of the incident Report.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed the prohibited act.)

Lose of job (as Center area orderly in Unit 4) - 60 days loss of Comm.

| 21. Date And Time Of Action | 11-14-03 1:30pm | (The UDC Chairman's Signature Next To |
|---|---|---|

His Name Certifies Who Sat On the UDC And That The Completed Report Accurately Reflects The
UDC Proceedings.)

FOI EXEMPT

HURSH/Hull       D. Pachorki / Pachuoti

_____ (Typed Name/Signature)    Member (Typed Name)          Member (Typed Name)

| Part III - Investigation | 22. Date And Time Investigation Began |
|---|---|
| | 11-13-03 8:15am |

23. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

11-14-03

The Inmate Was Advised Of The Above Right By **F. Passaniti, Lt.**   AT   **11-13-03 8:15AM**

24. Inmate Statement And Attitude

**Inmate Simpson, Ernest #18567-037 was advised of his rights to which he stated he understood them. Inmate Simpson displayed an unfavorable attitude and did not make a comment. He was offered an opportunity to make a statement regarding the incident, and he refused.**

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.

**Inmate Simpson did not request any witness.**
**See supporting memo and documentation to the DHO.**

26. Investigator's Comments And Conclusions

**Based on the information contained in the body of this report, the supporting evidence supplied by SIS and the information contained in the supporting memo from SIS to the DHO, and the fact that inmate Simpson #18567-037 refused to make a statement which would refute the charge, it is the opinion of this investigator that the charge is appropriate.**

27. Action Taken

**Refer to UDC and DHO.**

Date And Time Investigation Completed:    **11-13-03 8:20 AM**

Printed Name/signature Of Investigator    F. Passaniti

Signature

Lieutenant
Title

# FOI EXEMPT

ATTACHMENT D

BP-S294.052  **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**  MAY 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

FCI ALLENWOOD

TO: SIMPSON                                    Reg. No. 18567-037

ALLEGED VIOLATION(S): RECEIVING MONEY FROM ANOTHER INMATE FOR A PROHIBITED PURPOSE

DATE OF OFFENSE: 11-12-2003 STAFF BECAME AWARE     Code No. 217

You are being referred to the DHO for the above charge(s).

The hearing will be held       at       (A.M./P.M.) at the following
on:                                      location:

(To be determined)

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate
below whether you desire to have a staff representative, and if so, his or her name.

I (do) ___✓___ (do not) _WAIVED STAFF REP. Ernest Simpson_ H al20/03 wish to have a staff representative.

If so, the staff representative's name is: _Dr. BONNER_

You will also have the right to call witnesses at the hearing and to present documentary evidence
in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names
of witnesses you wish to call should be listed below.  Briefly state to what each proposed
witness would be able to testify.

I (do) _____ (do not) ___✓___ wish to have witnesses.

| NAME: | Can Testify to: |
|-------|-----------------|
|       |                 |
| NAME: | Can Testify to: |
|       |                 |
| NAME: | Can Testify to: |
|       |                 |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably
available, and who are determined by the DHO to have information relevant to the charge(s).
Repetitive witnesses and repetitive character references need not be called.  Unavailable
witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this
form to the DHO.

DATE: 11-14-03     SIGNATURE x _Ernest Simpson_

Notice of hearing before DHO given     11-14-03  by
inmate                                 1:30 pm        _D. Pachucki_  _M. Pachucki_
                                       Date/Time      Staff Printed Name/Signature

(This form may be replicated via WP)              Replaces BP-294(52) of JAN 88

FOI EXEMPT

ATTACHMENT E

BP-S293.052    **INMATE RIGHTS AT DISCIPLINE HEARING**    CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution: **FCI - ALLENWOOD**

As an inmate charged with a violation of Bureau of Prisons rules orregulations referred to the Discipline Hearing Officer (DHO) fordisposition, you have the following rights:

   1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

   2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

   3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

   4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

   5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

   6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

   7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: X _Ernest Seup_ ___ Reg. No.: _18567-034_ ___ Date: _November 14,_ 03

Notice of Right given to inmate(Date/time): _NOVEMBER, 14, 03_

by: _D. Pachurki_ _/ Pachurki_
                   Staff Printed Name/Signature

(This form may be replicated via WP)          Replaces BP-S293(52) of JAN 88.

FOI EXEMPT

1

ATTACHMENT F

DISCIPLINE HEARING OFFICER REPORT                                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

| INSTITUTION | FCI ALLENWOOD | INCIDENT REPORT NUMBER | | 1161850 |
|---|---|---|---|---|
| INMATE NAME | SIMPSON, Ernest | REG NO | 18567-037 | UNIT | 4B |

| DATE OF INCIDENT | 11/07/2003 | DATE OF INCIDENT REPORT | 11/12/2003 |
|---|---|---|---|

| OFFENSE CODE(S) | 217 |
|---|---|

| SUMMARY OF CHARGES | Receiving Money From Another Inmate for a Prohibited Purpose |
|---|---|

### I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  11/13/2003  (at)  0815  (by)  F. Passaniti, Lt.

B. The DHO Hearing was held on (date)  11-20-03  (at)  9:57 a.m.

C. The inmate was advised of his rights before the DHO by (staff member):

D. Pachucki  on (date)  11/14/2003  and a copy

of the advisement of rights form is attached.

### II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes | | xx | No | |
|---|---|---|---|---|---|

| B. Inmate requested staff representative and | appeared. |
|---|---|

C. Requested staff representative declined or could not appear.  The inmate was advised of the option to postpone hearing to obtain another representative with the result: N/A

| D. Warden appointed Rep. | | appeared. |
|---|---|---|

E. Staff representative statement:  Staff Representative, Dr. Bonner was selected by SIMPSON during the UDC for his case.  Prior to commencing this DHO Hearing, SIMPSON expressed his desire to decline representation.  He signified this election by initialing the same on the BP-294.

### III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | x | neither | | |
|---|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, SIMPSON was advised of his Rights before the DHO, indicated he understood them (waived witness testimony) and chose to provide the following statement:

SIMPSON stated, "Please give me the benefit of the doubt for this report."  SIMPSON continued by stating, "I've assisted this guy (INGRAM) with legal work for the past year and a half and I've never asked him for anything (money or commissary)."  SIMPSON further stated, "I did this (legal work) out of the goodness of my heart."  SIMPSON stated, "I didn't know the money had come from Ms. Grimes and I didn't know where it may have come from so I couldn't refuse it."  SIMPSON concluded, "I thought the money had come from somewhere else."

No procedural issues were cited, nor was any documentary evidence provided for consideration.

FCI EXEMPT

Page 1 of 3

Inculpatory and exculpatory evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy. . The inmate was advised to make any formal request for documents to the Central Office.

| C. Witness(es): | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | | Yes: | | No | XX |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.

3. The following persons requested were not called for the reason(s) given:

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from M. Cook dated 11/12/03
Copy of Money Order sent to I/M Simpson from T. Grimes
Copy of Money Order sent to I/M Ingram from T. Grimes.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

## IV. FINDINGS OF THE DHO

| x | A. The act(s) was/were committed as charged. | |
|---|---|---|
| X | B. The following act(s) was/were committed: | 217 |
| | C. No prohibited act(s) was/were committed: | Expunge according to PS 5270.07. |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

During this discipline hearing regarding SIMPSON, Ernest, Register No. 18567-037, for the charge(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, the following information was evidentiary and documented by the DHO in his findings.

SIMPSON'S involvement in the incident as noted in Section 11 of Incident Report 1161850, as provided by M. Cook, SIS Technician, was viewed as inculpatory in this case. M. Cook writes: On November 12, 2003 I monitored incoming money transactions which were received in the mailroom on November 7, 2003. In doing so, I found a money order, dated October 30, 2003, for $200, which was send to inmate Simpson, Ernest (Reg. Number 18567-037). The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD. 20744. Tawana Grimes is an associate of inmate INGRAM, Michael (Reg. Number 22090-016), which can be confirmed by INGRAM's money trail. INGRAM has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding. Inmate INGRAM received a $300 money order from Ms. Grimes on November 3, 2003, which was purchased on the same date (October 30, 2003) as inmate Simpson's money order. It is apparent that Ms. Grimes was sending money to inmate Simpson on Inmate INGRAM's behalf. This type of money transaction is unauthorized.

Inculpatory evidence in the form of the money orders sent to I/M INGRAM and SIMPSON from T. Grimes, dated 10/30/03, corroborated the evidence cited in the incident report in this case. The money orders clearly indicate the exchanging of money through the same source (T. Grimes) with the same address and both purchased on the same date.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information and by virtue of their position, are obligated to be truthful. Simpson did not refute the money nor did he make any attempt to question the posting of this amount to his account, thus, SIMPSON had to have some knowledge of this money and the amount which was sent to him.

FOI EXEMPT

Upon questioning by the DHO, SIMPSON denied the charge(s).   elaborated upon his plea by stating, he knew nothing of the source as to where the money had come from.

After the consideration of evidence listed in Section V of this hearing report and documented above, the DHO has drawn the conclusion the greater weight of the evidence / some facts, listed in paragraphs two and three above, support(s) the finding SIMPSON, Ernest, Register No. 18567-037, committed the prohibited act(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, on November 7, 2003, at FCI Allenwood, PA.

## VI. SANCTION OR ACTION TAKEN

**Code 217** - Disciplinary Segregation - 15 Days
            Disciplinary Segregation - 15 Days suspended 180 Days pending clear conduct
            Forfeiture of Statutory Good Conduct Time - 27 Days
            Comp 040 Law O
            Loss of Privileges (Commissary) - 180 Days
            Loss of Job (Unit 4B Orderly)

   **\*All sanctions are to be served consecutive to like sanctions previously imposed.**

## VII. REASON FOR SANCTION OR ACTION TAKEN

SIMPSON'S Receiving Money from Another Inmate for a Prohibited Purpose cannot be tolerated in a correctional institution as such behavior seriously threatens the security and orderly operation of the institution. History has shown such action has lead to physical confrontations between staff and inmates and to acts of violence between inmates. Accordingly, Disciplinary Segregation and the Forfeiture of Statutory Good Conduct Time is sanctioned to punish SIMPSON for his misconduct while the Loss of Privileges (Commissary), the Loss of Job (Unit 4B Orderly) and Disciplinary Segregation (15 Days), suspended for 180 days pending clear conduct is sanctioned in an effort to impress upon SIMPSON the gravity of his actions and hopefully deter him from such actions in the future.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |  |
|--|-----|---|----|--|--|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---------------------|------------------|------|
| K. Bittenbender | | 11/26/03 |
| Report sent to inmate by | Signature: | Date: 11/26/03 |

**FOI EXEMPT**

ATTACHMENT G

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

# REHEARING - AMENDED DHO HEARING REPORT

Initial DHO Hearing conducted on 11/20/03 - *Additions to DHO Hearing Report are in **BOLD** Print.

| INSTITUTION | FCI ALLENWOOD | INCIDENT REPORT NUMBER | | 1161850 |
|---|---|---|---|---|
| INMATE NAME | SIMPSON, Ernest | REG NO | 18567-037  UNIT | 4B |
| DATE OF INCIDENT | 11/07/2003 | DATE OF INCIDENT REPORT | | 11/12/2003 |

| OFFENSE CODE(S) | **299 Most Like 217** |
|---|---|
| SUMMARY OF CHARGES | **Conduct which disrupts the orderly running of the institution, most like: Receiving Money From Another Inmate for a Prohibited Purpose** |

## I.   NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)   11/13/2003   (at)   0815   (by)   F. Passaniti, Lt.

B. The DHO Hearing was held on (date)   **3/4/04**   (at)   **10:30 a.m.**

C. The inmate was advised of his rights before the DHO by (staff member):

**D. Schader**   on (date)   **3/3/04**   and a copy of the advisement of rights form is attached.

## II.   STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes | xx | No |
|---|---|---|---|

B. Inmate requested staff representative and                                  appeared.

C. Requested staff representative declined or could not appear.  The inmate was advised of the option to postpone hearing to obtain another representative with the result: N/A

| D. Warden appointed Rep. | | appeared. |
|---|---|---|

E. Staff representative statement:

## III.   PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | x | neither | |
|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, SIMPSON was advised of his Rights before the DHO, indicated he understood them (waived witness testimony) and chose to provide the following statement:

SIMPSON stated, "Please give me the benefit of the doubt for this report." SIMPSON continued by stating, "I've assisted this guy (INGRAM) with legal work for the past year and a half and I've never asked him for anything (money or commissary)." SIMPSON further stated, "I did this (legal work) out of the goodness of my heart." SIMPSON stated, "I didn't know the money had come from Ms. Grimes and I didn't know where it may have come from so I couldn't refuse it." SIMPSON concluded, "I thought the money had come from somewhere else."

Page 1 of 4

During the DHO Hearing held    3/4/04, Simpson was advised of   is rights before the DHO and he indicated he understood them and chose to provide the following statement:

SIMPSON stated, "That particular issue was for assisting INGRAM for the aggregation of time with DC Offenders."  SIMPSON stated, "INGRAM's been asking me for information relating to that incident."  SIMPSON further stated, "I received $200.00 dollars which I didn't ask for from INGRAM's family."  SIMPSON stated, "I have known the family for over thirty years and I didn't question anyone about the money when I received it."  SIMPSON stated, "There was no return address and I don't think that I have to be expecting money for people to send me money; I'm just not guilty of these charges."

No procedural issues were cited, nor was any documentary evidence provided for consideration.

Inculpatory and exculpatory evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy. .  The inmate was advised to make any formal request for documents to the Central Office.

| C. Witness(es): | | | | |
|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | No | XX |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.

3. The following persons requested were not called for the reason(s) given:

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from M. Cook dated 11/12/03
Copy of Money Order sent to I/M Simpson from T. Grimes
Copy of Money Order sent to I/M Ingram from T. Grimes.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

| **IV. FINDINGS OF THE DHO** | |
|---|---|
| x | A. The act(s) was/were committed as charged. |
| X | B. The following act(s) was/were committed: **299 Most Like Code 217** |
| | C. No prohibited act(s) was/were committed:  Expunge according to PS 5270.07. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

During this discipline hearing regarding SIMPSON, Ernest, Register No. 18567-037, for the charge(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, the following information was evidentiary and documented by the DHO in his findings.

SIMPSON'S involvement in the incident as noted in Section 11 of Incident Report 1161850, as provided by M. Cook, SIS Technician, was viewed as inculpatory in this case.
M. Cook writes: On November 12, 2003 I monitored incoming money transactions which were received in the mailroom on November 7, 2003.  In doing so, I found a money order, dated October 30, 2003, for $200, which was send to inmate Simpson, Ernest (Reg. Number 18567-037).  The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD. 20744.  Tawana Grimes is an associate of inmate INGRAM, Michael (Reg. Number 22090-016), which can be confirmed by INGRAM's money trail.  INGRAM has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding.

Inmate INGRAM received a $3  money order from Ms. Grimes on  November 3, 2003, which was purchased on the same date (October 30, 2003) as inmate Simpson's money order.  It is apparent that Ms. Grimes was sending money to inmate Simpson on Inmate INGRAM's behalf. This type of money transaction is unauthorized.

Inculpatory evidence in the form of the money orders sent to I/M INGRAM and SIMPSON from T. Grimes, dated 10/30/03, corroborated the evidence cited in the incident report in this case.   The money orders clearly indicate the exchanging of money through the same source (T. Grimes) with the same address and both purchased on the same date.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information and by virtue of their position, are obligated to be truthful.  Simpson did not refute the money nor did he make any attempt to question the posting of this amount to his account, thus, SIMPSON had to have some knowledge of this money and the amount which was sent to him.

**Due to the Administrative Appeal submitted by SIMPSON, an amended DHO Hearing Report and Rehearing was conducted.  The DHO finds the charge(s) for Conduct which disrupts, most like Giving/Receiving Money from another inmate for prohibited purposes, code 299 most like code 217 supports and substantiates the charges outlined in the initial incident report. Since the initial charge is changed,   SIMPSON was issued his Rights At Discipline Hearings and Notice of Discipline Hearing (BP-293 and BP-294) to give notification of the change in charges against him.**

Upon questioning by the DHO, SIMPSON denied the charge(s).  He elaborated upon his plea by stating, he knew nothing of the source as to where the money had come from.

**SIMPSON again denied the charges stating he didn't have to be expecting money for people to send him money.**

After the consideration of evidence listed in Section V of this hearing report and documented above, the DHO has drawn the conclusion the greater weight of the evidence / some facts, listed in paragraphs two and three above, support(s) the finding SIMPSON, Ernest, Register No. 18567-037, committed the prohibited act(s) of **Conduct which Disrupts the Orderly Running / Security of the Institution - Most Like Receiving Money from Another Inmate for a Prohibited Purpose, Code 299 Most Like 217**, on November 7, 2003, at FCI Allenwood, PA.

## VI. SANCTION OR ACTION TAKEN

**Code 299 Most Like 217**  -
          Disciplinary Segregation - 15 Days
          Disciplinary Segregation - 15 Days suspended 180 Days pending clear conduct
          Forfeiture of Statutory Good Conduct Time - 27 Days
          Comp 040 Law O
          Loss of Privileges (Commissary) - 180 Days
          Loss of Job (Unit 4B Orderly)

   **\*All sanctions are to be served consecutive to like sanctions previously imposed.**

**The DHO is sustaining the initial sanctions imposed from the original DHO Hearing**

| VII. REASON FOR SANCTION OR    .TION TAKEN |
|---|

SIMPSON'S Conduct which disrupts or interferes with the security or orderly running of the institution, most like Receiving Money from Another Inmate for a Prohibited Purpose cannot be tolerated in a correctional institution as such behavior seriously threatens the security and orderly operation of the institution. History has shown such action has lead to physical confrontations between staff and inmates and to acts of violence between inmates. Accordingly, Disciplinary Segregation and the Forfeiture of Statutory Good Conduct Time is sanctioned to punish SIMPSON for his misconduct while the Loss of Privileges (Commissary), the Loss of Job (Unit 4B Orderly) and Disciplinary Segregation (15 Days), suspended for 180 days pending clear conduct is sanctioned in an effort to impress upon SIMPSON the gravity of his actions and hopefully deter him from such actions in the future.

The DHO is sustaining the initial sanctions imposed on 11/20/03.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | | Yes | X | No | |
|---|---|---|---|---|---|

| IX. DISCIPLINE HEARING OFFICER | | | |
|---|---|---|---|
| Printed Name of DHO | Signature of DHO | | Date |
| K. Bittenbender | *[signature]* | | 3/8/04 |
| Report sent to inmate by | Signature: *[signature]* | | Date: 3/8/04 |

ATTACHMENT H

.

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

# AMENDED DHO HEARING REPORT

OCT 1 7 2006



Initial DHO Hearing conducted on 11/20/03
DHO Rehearing conducted on 3/4/04
Amendments to report are noted in **BOLD** print.

| INSTITUTION | FCI ALLENWOOD | INCIDENT REPORT NUMBER | | 1161850 |
|---|---|---|---|---|
| INMATE NAME | SIMPSON, Ernest | REG NO | 18567-037 | UNIT | 4B |
| DATE OF INCIDENT | 11/07/2003 | DATE OF INCIDENT REPORT | | 11/12/2003 |

| OFFENSE CODE(S) | **328** |
|---|---|
| SUMMARY OF CHARGES | **Receiving Money From Another Inmate for a Prohibited Purpose** |

## I.   NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on
(date)   11/13/2003   (at)        0815          (by)        F. Passaniti, Lt.

| B. The DHO Hearing was held on (date) | **1/11/05** | (at) | **1:40 p.m.** |
|---|---|---|---|

C. The inmate was advised of his rights before the DHO by (staff member):
D. Schader                    on (date)         3/3/04        and a copy
of the advisement of rights form is attached.

## II.   STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes | xx | No | |
|---|---|---|---|---|

| B. Inmate requested staff representative and | appeared. |
|---|---|

C. Requested staff representative declined or could not appear.  The inmate was advised
of the option to postpone hearing to obtain another representative with the result: N/A

| D. Warden appointed Rep. | | appeared. |
|---|---|---|

E. Staff representative statement:

## III.   PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | x | neither | | |
|---|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, SIMPSON was advised of his Rights before the DHO,
indicated he understood them (waived witness testimony) and chose to provide the
following statement:

SIMPSON stated, "Please give me the benefit of the doubt for this report."  SIMPSON
continued by stating, "I've assisted this guy (INGRAM) with legal work for the past year
and a half and I've never asked him for anything (money or commissary)."  SIMPSON
further stated, "I did this (legal work) out of the goodness of my heart."  SIMPSON
stated, "I didn't know the money had come from Ms. Grimes and I didn't know where it may
have come from so I couldn't refuse it."  SIMPSON concluded, "I thought the money had
come from somewhere else."

Page 1 of 4

During the DHO Hearing hel  on 3/4/04, Simpson was advised   his rights before the DHO and he indicated he understood them and chose to provide the following statement:

SIMPSON stated, "That particular issue was for assisting INGRAM for the aggregation of time with DC Offenders." SIMPSON stated, "INGRAM's been asking me for information relating to that incident." SIMPSON further stated, "I received $200.00 dollars which I didn't ask for from INGRAM's family." SIMPSON stated, "I have known the family for over thirty years and I didn't question anyone about the money when I received it." SIMPSON stated, "There was no return address and I don't think that I have to be expecting money for people to send me money; I'm just not guilty of these charges."

**The DHO did not take any further statement from SIMPSON since this report is being amended from the initial DHO hearings. All previous statements that were taken are being considered for this amended report.**

No procedural issues were cited, nor was any documentary evidence provided for consideration.

Inculpatory and exculpatory evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy. .  The inmate was advised to make any formal request for documents to the Central Office.

| C. Witness(es): | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | | No | XX |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.

3. The following persons requested were not called for the reason(s) given:

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from M. Cook dated 11/12/03
Copy of Money Order sent to I/M Simpson from T. Grimes.
Copy of Money Order sent to I/M Ingram from T. Grimes.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

| x | A. The act(s) was/were committed as charged. | |
|---|---|---|
| X | B. The following act(s) was/were committed: | **328** |
| | C. No prohibited act(s) was/were committed: | Expunge according to PS 5270.07. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

During this discipline hearing regarding SIMPSON, Ernest, Register No. 18567-037, for the charge(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, the following information was evidentiary and documented by the DHO in his findings.

SIMPSON'S involvement in the incident as noted in Section 11 of Incident Report 1161850, as provided by M. Cook, SIS Technician, was viewed as inculpatory in this case.
M. Cook writes: On November 12, 2003 I monitored incoming money transactions which were received in the mailroom on November 7, 2003.  In doing so, I found a money order, dated October 30, 2003, for $200, which was send to inmate Simpson, Ernest (Reg. Number 18567-037).  The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD. 20744.

Page 2 of 4

Tawana Grimes is an associa__ __ of inmate INGRAM, Michael (Re__ Number 22090-016), which can be confirmed by INGRAM's money trail. INGRAM has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding.

Inmate INGRAM received a $300 money order from Ms. Grimes on November 3, 2003, which was purchased on the same date (October 30, 2003) as inmate Simpson's money order. It is apparent that Ms. Grimes was sending money to inmate Simpson on Inmate INGRAM's behalf. This type of money transaction is unauthorized.

Inculpatory evidence in the form of the money orders sent to I/M INGRAM and SIMPSON from T. Grimes, dated 10/30/03, corroborated the evidence cited in the incident report in this case. The money orders clearly indicate the exchanging of money through the same source (T. Grimes) with the same address and both purchased on the same date.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information and by virtue of their position, are obligated to be truthful. Simpson did not refute the money nor did he make any attempt to question the posting of this amount to his account, thus, SIMPSON had to have some knowledge of this money and the amount which was sent to him.

**Due to the second Administrative Appeal submitted by SIMPSON, an amended DHO Hearing Report is being written. The DHO finds the charge(s) for Conduct which disrupts, most like Giving/Receiving Money from another inmate for prohibited purposes, code 299 most like code 217 to be unsubstantiated, however, the charge for Giving receiving anything of value (Code 328) at a lesser severity level is supportive throughout the report. Evidence could not support the receiving of monies for specific prohibited purposes which would support it at a higher severity level (298). The DHO is lowering the severity level to code 328. The DHO will make the appropriate changes and notifications to any Statutory Good Time which may be forfeited. (Please refer to section VI).**

Upon questioning by the DHO, SIMPSON denied the charge(s). He elaborated upon his plea by stating, he knew nothing of the source as to where the money had come from.

SIMPSON again denied the charges stating he didn't have to be expecting money for people to send him money.

After the consideration of evidence listed in Section V of this hearing report and documented above, the DHO has drawn the conclusion the greater weight of the evidence / some facts, listed in paragraphs two and three above, support(s) the finding SIMPSON, Ernest, Register No. 18567-037, committed the prohibited act(s) of **Receiving Money from Another Inmate, Code 328**, on November 7, 2003, at FCI Allenwood, PA.

## VI. SANCTION OR ACTION TAKEN

Code 328 -   **Disciplinary Segregation - 15 Days**
             **Forfeiture of Statutory Good Time - 27 Days**
             **Comp 040 Law O**
             **Loss of Privileges (Commissary) - 180 Days**
             **Loss of Job (Unit 4B Orderly)**

   ***All sanctions are to be served consecutive to like sanctions previously imposed.**

**VII.  REASON FOR SANCTION O_  ACTION TAKEN**

SIMPSON'S receiving money from another inmate threatened the orderly running of this institution.  This behavior is not allowed, as it is typically preceded by some sort of debt.  Debt in a prison setting often fosters violence in relation to payment/non-payment.  Accordingly, Disciplinary Segregation and the Forfeiture of Statutory Good Time is sanctioned to punish SIMPSON for his misconduct while the Loss of Privileges (Commissary) and the Loss of Job is sanctioned in an effort to deter him from future misconduct.

The sanctions previously imposed reflect no change to Statutory Good Time Forfeiture. The Disciplinary Segregation which was initially imposed (30 Days) was lessened to 15 Days (Days served).  The 15 Days of Disciplinary Segregation which was previously suspended pending clear conduct was retracted from the report.  There is no change to the forfeiture of Statutory Good Time.

**VIII.  APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | | Yes | X | No | | |
|---|---|---|---|---|---|---|

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| K. Bittenbender | | 1/11/05 |
| Report sent to inmate by | Signature: | Date: 1/11/05 |

Page 4 of 4