UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST SIMPSON            )
                          )
    Plaintiff,            )
                          )          No. 06-1090 (CKK)
    v.                    )
                          )
FEDERAL BUREAU OF PRISONS, et al., )
                          )
    Defendants.           )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

Plaintiff proceeding pro se is a former inmate at the Federal Correctional Institution in Allenwood, Pennsylvania ("FCI-Allenwood"). He is alleging arbitrary/unfair action of government and its agents/employees, deprivation of liberty "without due process of law" in violation of the Fifth Amendment to the Constitution of the United States before/after disciplinary action was taken against him incident to his receipt of money order from an individual who was an associate of another inmate incarcerated at FCI Allenwood.

In resolving a motion to dismiss for failure to state a claim, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." **Hains v. Kerner,** 404 U.S. 519, 520 (1972). Accordingly, pro se plaintiffs are not required to use specific legal terms or phrases, and are granted "the benefit of all inferences that can be derived from the facts alleged." Kowal v. Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Conley, 335 U.S. at 45-46).

Plaintiff asks the Court to read his complaint as liberally and broadly as possible; to accept all well-pleaded factual allegations as true and draw all reasonable inferences in

1

RECEIVED
MAR - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

favor of the plaintiff. <u>2215 Fifth St. Assocs. V. U Haul Int'l, Inc.</u>, 148 F Supp. 2d 50, 54 (D.D.C.2001); <u>Darby v. U.S. Dept of Energy</u>, 231 F.Supp. 2d 274,277 (D.D.C. 2002); <u>Brandon v. District of Columbia Board of Parole</u>, 823 F.2d 644 (D.C. Cir. 1987)

Plaintiff filed this action for damages and injunctive relief under <u>Bivens</u> Action, Article III, Section 2 of the United States Constitution, 28 U.S.C. Section 133(-1333, alleging arbitrary/unfair action of government and deprivation of liberty "without due process of law" in violation of the Due Process Clause of the Fifth Amendment to the Constitution; upon the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 1346(b) and Sections 2671-2680 the Eighth Amendment to the Constitution of the United States. <u>See</u> Preliminary Statement and Jurisdiction of Plaintiff's Complaint. Defendants move to dismiss this case pursuant to Federal Rules of Civil Procedure 12 (b) (1), (2), (3) (4), and (6) for lack of subject matter jurisdiction, venue, insufficiency of process, and failure to state a clam upon which relief may be granted. Plaintiff responds as follows:

## DISCUSSION

### I. PLAINTIFF'S FTCA CLAIM MUST BE DISMISSED

**A: Response to: Plaintiff's FTCA claim must be dismissed**

Defendants contend that the FTCA is a limited waiver of sovereign immunity and Congress has provided only for suits against the United States. Defendants argue that agencies and individual government employees cannot be sued under the FTCA. Therefore, the Court should dismiss plaintiff's FTCA clams against the Bureau of Prison and individual defendants under Rule 12 (b) (1) for lack of jurisdiction.

Plaintiff argues that a claim against federal agencies and employees in their official capacity is necessarily against the United States. <u>See Alexander v. United States</u>,

No. 06-1190 (D.D.C 09126/2006). Defendants also argue that a suit against a Bureau of Prisons employee in his or her official capacity is essentially a suit against the United States. See Defendants' Memorandum In Support of Motion to Dismiss at page 22.

To the extent that Defendants argue that Plaintiff's suit must be dismissed for lack of jurisdiction because the Claim is not against the United States, Defendants' claim should be denied based on cites of authority and Defendants own arguments stated above. This Court does have jurisdiction of this Case if the Court finds that Plaintiff has filed his Claim against the United States.

**B. Response to: Venue Is Improper in this Court**

Venue as to Plaintiff's Federal Tort Claims Act is governed by **28 U.S.C. 1402(b)** the general venue statute governing suits in which the United States is a defendant. **See Masks v. United States, 77 F.R.S. 425, 429 n 7 (D. Colo. 1978)**

Jurisdiction of the action lies in the District of Columbia. Plaintiff ws sentenced under Section 22 of the D.C. Code 1401 Conspiracy and Forgery.

Plaintiff was sentenced in the Superior Court for the District of Columbia under Section 22 of the D.C. Code 1401 Conspiracy (1981). His case is an open case before Judge Dix. Plaintiff is classified by the Federal Bureau of Prisons as a D.C. prisoner. Courts have ruled that D.C. Code laws must be applied to D.C. Code prisoners. Venue is proper in this Court.

Additionally, the exercise of pendent venue is appropriate in this Case. Plaintiff seeks to have this Court apply the Doctrine of Pendent Venue in which a federal court hears claims for which venue is otherwise not proper in the interests of sound judicial economy. **Seamon v. Upham, 563 F. Supp. 396, 389099 (E.D.TX.1983)** (cited in

3

Boggs v. United States Secret Service, 987 F. Supp. 11, 1997. DDC. 0000239. This circuit's clearest pronouncement on this doctrine comes from Reuber v. United States, 242 U.S. App. D.C. 370, 750 F.2d 1039 (D.C. Cir. 198), in which the Court of Appeals listed three factors to consider in reviewing the propriety of pendant venue: 1. whether the claims originate from a common nucleus of operative fact; 2. the existence of common issues of proof; and 3. the existence of similar witnesses. **at Reuber, 750 F.2d 1048; Laffey v. Northwest Airlines, Inc., 321 F. Supp. 1041, 1042 (D.D.C. 1971).** The Reuber court also stated that a determination as to whether to apply pendent venue belonged in the sound discretion of the District Court, id.

The FTCA claims ostensibly derive from the same common nucleus of operative fact as the Privacy Act Claim, Civil Action No: 05-2295 currently before this Court. The statement of the facts and the statement of the case are the same. The issues of proof are entirely the same. Witnesses in the FTCA case are similar or the same as in this Case. When the claims are considered as a whole, the issues are such that pendent venue is appropriate.

## II.   RESPONSE TO PLAINTIFF'S BIVENS CLAIM MUST BE DISMISSED

### A. Response to: Bivens Liability Does Not Extend to the Bureau of Prisons

A Plaintiff may bring a civil action for money damages against a federal official in his or her individual capacity for violation of the Plaintiff's constitutional rights. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971). Federal officials may be entitled to a defense of qualified immunity, however. Wilson v. Layne, 526 U.S. 603, 614 (2999) (Citing Harlow, 457 U.S. at 818). Qualified immunity "shields officials from liability for civil damages insofar as their conduct does

4

not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id.. It "provides not simply a defense to liability, but also an entitlement not to stand trail or face the other burdens of litigation." Farmer v. Moritsugu 1163 F.3d 610, 613 (D.C. Cir. 1998) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Plaintiff has raised a constitutional claim. Plaintiff alleges that the Defendants' decision, actions and acts of omission violate the Constitution and Laws of the United States by denying due process. Defendants arbitrarily and capriciously subjected Plaintiff to 27 days detention (loss of statutory good conduct time) and punitive segregation based on changes unsubstantiated or supported by evidence. Jurisdiction to hear these claims is explicitly conferred by 28 U.S.C. Section 1331 (jurisdiction to hear "all civil actions arising under the Constitution, Laws, or Treaties of the United States").

The Supreme Court has long and repeatedly held that broad jurisdictional grants like these give the courts created by Congress authority to review civil actions, particularly when the action deprives individuals of this liberty. Restrictions of that judicial authority are not to be implied in the absence of a clear and unambiguous congressional statement repealing the Court's jurisdiction. No enactment by Congress even arguably restricts or repeals the Court's jurisdiction in the circumstance of the present Case.

Plaintiff seemingly has pled facts as set forth in his Affidavit at 1 through 52 sufficient to support his claim that the Federal Bureau of Prisons has a duty to finance, supervise and train the administrative officials in disciplinary procedures, ensuring that their employee performed their duty of conducting fair disciplinary hearings and making

specific findings based on evidence presented. And, the alleged failure of the BoP employees to carry out their functions would seem to subject their employer to liability.

In the instant Case, Plaintiff has set forth in Plaintiff's Affidavit at 27 through 31, the actions of Defendant Bittenbender which could be considered unlawful. **18 U.S.C. ? 1001** prohibits whoever in any matter within the jurisdiction of any department or agency of the United States to knowingly and willfully falsify, conceal or cover-up a material fact, or make any false statements or representations, or make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry. Therefore, Plaintiff's <u>Bivens</u> Claim should not be dismissed for lack of jurisdiction.

### B Response to the Courts Lack of Jurisdiction Over All Defendants

Plaintiff asserts that the Court's exercise of personal jurisdiction over defendants is proper under subsection (a) (1) of the District of Columbia long-arm statue, D.C. Code § 13-423. That subsection provides that the Court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising the person's transacting any business in the District of Columbia. "D.C. Code §13-423 (a) (1); See <u>Crane v. Carr,</u> 814 F.2d 758, 762 (D.C. Cir. 1987) (noting that a federal district court's jurisdiction is coextensive with that of a D.C. Court). "This provision is given an expansive interpretation that is coextensive with the due process clause." <u>Helmer v. Doletskaya</u>, 393 F. 3d 201, 205 (D.C. Cir. 2004) (internal quotation marks omitted). Thus, "the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry." <u>United States v. Ferrara</u>, **54 F.3d 825, 828 (D.C. Cir.**

1995). The question, then, is whether Defendants "purposefully established minimum contacts with [the District of Columbia] such that maintenance of the suit does not offend traditional notions of air play and substantial justice. **"Helmer, 393 F3d at 205 (quoting Int'l Shoe Col v. Washington, 326 U.S. 310, 316 (1945)) (alteration in the original).**

Defendants argue that the Court could not exercise jurisdiction over all the names defendants because they live and work outside the District of Columbia. Defendants argument is without merit. The District of Columbia long-arm statute provides, inter alia, that the Court may exercise specific personal jurisdiction over a non-resident defendant for claims arising from the defendants transacting any business in the District of Columbia. D.C. Code Section 13-432(a) (1). For this "transacting business" Section of the long-arm statute to apply, the defendant's contact with the District must relate to the factual circumstances giving rise to suit. Koteen v. Bermuda Cablevision, Ltd., 913 F.2d 973, 974-75 (D.C. Cir. 1990). A defendant need not be present in the District of Columbia to transact business here. Material Supply Int'l, Inc. v. Sumacth Indus. Supply Int'l, Inc., **63 F. Supp. 2d 13, 19 (D.D.C. 1999)**. This Circuit has interpreted the "transacting any business" clause of Section 13-423(a)(1) as requiring the same contacts as due process. **GTE New Media Services, 199 F.3d at 1347.**

Plaintiff asserts that the Court has specific personal jurisdiction over defendants because Plaintiff's claim arises from the defendants violations of Bureau of Prisons Rules and Regulations (BoP) which were written in the District of Columbia. Defendants are employed by the Bureau of Prison which is located in the District of Columbia. The Bureau of Prisons is under the Department of Justice located in the District of Columbia. Defendants have the opportunity to request legal representation by the Department of

Justice ("DOJ"), pursuant to 28 C.D.R. Section 50.15. The decision whether to grant such representation is made by the Torts Branch of DoJ headquarters whereas in this case the request was approved and appointed Counsel for defendants is located in the District of Columbia. Defendants Watts and Dodrill learned of DHO Bittern-bender's constitutional violations through Appeals and Affidavits in support of the Appeals. Defendants' failure to act caused a constitutional violation. "Acts of omission are actionable ... to the same extent as acts of commission." Estelle v. Gamble, **429 U.S. 97, 106.** The Bureau of Prisons Administrative Remedy National Appeals process is mailed to the Central Office located in the District of Columbia. In short "the defendants' conduct and connection with the forum state [must be] such that [they] should reasonably anticipate being haled into the court there." GTE New Media Servs., 199 F.3d at 1347 (quoting World-Wide Volksagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Additionally, "It is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines ... "Burger King Corp. v. Redzewicz, **471 U.S. 462, 476 (1985).** Accordingly, it has long been the law that absence of physical contacts will not defeat personal jurisdiction so long as the defendant's efforts are purposefully directed toward residents of another state. Id. Just as clearly, transactions by telephone and facsimile alone can, depending on the circumstances, be an adequate basis for personal jurisdiction. Gorman v. Ameritrade Holding Corp., **293 F.3d 506, 511 n 4 (D.C. Cir. 2002).**

    C. **RESPONSE TO: PLAINTIFF HAS NOT PERFECTED SERVICE AGAINST ALL FEDERAL DEFENDANTS**

8

Defendants argue that all but one of the individual defendants in this action has not been properly served with the Complaint in accordance with the rules applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997).

It is case Plaintiff was granted leave to file this complaint without prepayment of cost by Judge Lamberth. Plaintiff was assured by the Clerk of the Court that once this Court decides that the Case would go forward the Court would order the summons to be served on the Defendants.

### D. RESPONSE TO: VENUE IS IMPROPER IN THIS COURT.

Defendants next argue that venue is inappropriate here because "the alleged wrongful acts occurred entirely outside of the District of Columbia "and the case has a minimal nexus" to the District. To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat the plaintiff's assertion of venue. 2215 Fifth St. Assocs. v. U-Haul Int'l Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (citing 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure Section 1352 (2ed. 1987). If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. Section 1406(a).

[The relevant venue statue, 28 U.S.C. Section 1391(a), formerly provided that an action based on diversity of citizenship, like this one, may be brought in the district." In which the claim arose." 28 U.S.C. Section 1391(a) (1988). It was amended in 1990 "to make venue proper in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."' **Mintrano v. Hawes, 377F3d 402, 405**

9

(4th Cir. 2004) (quoting the Judicial Improvements Act of 1990, Pub. L. No. 101-650, Section 311(1), 104 Stat. 5089, 5114) (1990). "Under the amended statute it is now absolutely clear that there can be more than one district in which a substantial part of events giving rise to the claim occurred." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Section 3806 (1994 Supp.). Thus, it is no longer appropriate to ask which district is the "best" venue, Setco Enters. V. Robbins, 19 F.3d 1278, 1281 (8th Cir 1994), or which venue has the most significant connection to the claim, Weinberger v. Tucker, 391 F. Supp. 2d 241, 244 (DD.C. 2005). The proper question is "whether the district the plaintiff chose had a substantial connection to the Claim, whether or not other forms had greater contacts." Setco Enters., 19 F.3d at 1281.

This Case satisfies the requirements of Section 1391(a)(2). Defendants argue that venue is not proper in this forum because the major events and collaborations leading to the alleged complaint occurred outside the District of Columbia. Plaintiff alleges that Defendants' failure to act caused a due process violation as set forth at 18 through 52 in the Affidavit of Ernest Simpson. [Defendant Watts is the Administrator of National Inmate Appeals and is responsible for reviewing all National Administrative Appeals of disciplinary charges filed by FCI Allenwood inmates. Defendant Dodrill is the Northeast Regional Director and is responsible for reviewing all Northeast Regional Appeals of disciplinary hearings for prisoners accused of breaking prison rules.

Defendant is alleged to have committed wrongful acts in violation of Plaintiff's due process rights. Defendants Watts and Dodrill are alleged to have played a major role by learning of those due process violations through reports or appeal but failed to correct

the violations although Defendants had the power and duty to act. The Defendants' failure to act has much more than a "minimal nexus" to Plaintiff's claim.

Taken as true, Defendants' contention that the "nucleus of facts giving rise to the Claim occurred in Pennsylvania, does not necessarily warrant the conclusion that venue is improper in the District of Columbia. Even if Pennsylvania, the site of many of the actions leading to the alleged constitutional violations, has a strong connection to the claim, it is now recognized that more than one forum can be an appropriate venue for a claim as long as Section 1391 (a)(2) is satisfied. See Sectco Enters., 19 F.3d at 1281. Therefore, it is entirely proper for this Court to hear Plaintiff's Claim so long as they bear a substantial connection to the District of Columbia. See id. Because the appeal process by Plaintiff to Defendant Watts in the District of Columbia was a significant part of the sequence of events underlying the Claims, venue is proper here.

### E. Response to: Plaintiff Failed to Exhaust His Administrative Remedies under the PLRA

Defendant moves to dismiss Plaintiff's Claim for damages on the ground that he failed to exhaust his administrative remedies. See Memorandum in Support of Motion to Dismiss ("Def. Mem." At 17-19.

In March, 2004, Plaintiff filed a Regional Administrative Appeal with the Northeast Regional Director challenging the DHO rehearing that was held on March 4, 2004. (Def. Mem. At 18-19). On review, the DHO again found Plaintiff guilty as charged and imposed the same punishment as set forth in Plaintiff's Affidavit at Ex. 15 (March 5, 2004 Amended DHO Hearing Report). Plaintiff challenged the DHO's rehearing decision. See Pl. Aff., Ex. 16 (Regional Director's April 23, 2004 Response to

11

Appeal No. 329151-R1). To the extent that Plaintiff had been granted a rehearing, the Regional Director partially granted Plaintiff's Appeal. Pl.'s Aff., Ex.16. Plaintiff pursued his challenge to BOP Central Office. Id., Ex 17 (National Inmate Appeals Administrator's May 19, 2004 Response to Administrative Remedy No. 329151-A1). He was advised that, "upon written receipt of the DHO's decision and disposition [on rehearing], [he] must reinstate any appeal to the Regional Director." Id. Plaintiff released 10 months later from prison before the rehearing occurred.

Additionally, should the Court grant Plaintiff discovery, he would submit a copy of the appeal argument to support that he had exhausted his Administrative Remedies. Plaintiff opposed the DHO rehearing the disciplinary action for the reasons that were stated in the Appeal and Affidavit in support thereof. Plaintiff argued that the record revealed that the DHO made five (5) different findings regarding the specific evidence relied upon to support his findings related to one Incident Report. Plaintiff asserted that any findings by the DHO was tainted based upon false allegations/statements knowingly and intentionally made by the DHO and placed in Plaintiff's records/files. See Affidavit of Plaintiff at 20 through 31.

Based on the issues argued in the Appeal, the Central Office denied the Appeal. Therefore, Administrative Remedy was exhausted. Plaintiff has complied with PLRA's mandatory exhaustion requirements regarding the Claims brought in this lawsuit.

**F. Response to: <u>Heck v. Humphries</u> Precludes Collateral Attacks of a Disciplinary Action in a Bivens Action**

Defendants argue that the Supreme Court held in <u>Heck v. Humphrey</u>, 512 U.S. 477 (19194) that a prisoner may not bring a civil action for money damages (in that Case

under 42 U.S.C. Section 1983) alleging unconstitutional conviction or imprisonment, unless first the plaintiff has had the conviction reversed, expunged, invalidated, or called into question by a federal Court's issuance of a writ of habeas corpus I.d. at 486-87. Defendants assert that in order for a valid constitutional civil rights case for money damages to proceed, therefore, the court must determine whether a successful claim would necessarily imply the validity of the underlying conviction or sentence. Defendants cite no authority that would preclude this Court from making the determination nor have Defendants stated any objections.

Defendants now assert that the Supreme Court subsequently decided Edwards v. Balisok 520 U.S. 641 (1997), a unanimous decision which applied Heck to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate. In this case was already released from prison when he filed this action.

Defendants rely on the Court's conclusion that Balisok's claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and therefore not cognizable under Section 1983. Justices Souter, Gingsburg and Breyer, concurring, (1) agreed that the prisoner's claim was not cognizable under section 1983 to the extent that the claim was based on allegations of deceit and bias on the part of the decision maker, but (2) noting that the prisoner had alleged such other procedural defects as a prison official's failure to specify what facts and evidence supported the findings of guilt, expressed the view that a defect of this order would not necessarily imply the invalidity of the deprivation of the good-time credits and therefore was immediately cognizable under Section 1983.

**F. Defendants Named In Their Official Capacities Are Protected By The Sovereign Immunity And Should Be Dismissed As Defendant**

Plaintiff asserts this Court does have subject matter jurisdiction over Plaintiff's claim against the government agencies and the individual defendants sued in their official capacities as set forth in other arguments herein. Id. Plaintiff requests that the Court grant Plaintiff the opportunity to respond further to this issue after discovery.

**G. Response to: The Individual Defendants are Entitled to Dismissal on the Basis of Qualified Immunity Since the Allegations of the Complaint Do Not Amount to the Violation of a Clearly Established Constitution Right.**

Defendants contend that all names Defendants are entitled to dismissal from this Bivens suite on the basis of qualified immunity. When qualified immunity is raised by a defendant, the plaintiff can not maintain a Bivens action against the defendant unless and until the plaintiff shows the defendant violated a clearly established constitutional right. Siegart v. Gilley, 500 U.S. 226, 231 (1991); Harlow v. Fitzgerald 457 U.S. 800, 818 (1982); Saucier v. Katz, 533 U.S. 194 (2001). A federal government employee is generally entitled to immunity from suit for personal damages if his or her conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818. See Siegart v. Gilley, 500 U.S. 226, 111 S.C. 1789 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Mitchell v. Forsyth, 472 U.S. 511 (1985); Davis v. Scherer, 468 U.S. 183, 197 (1984).

In this Case, the threshold immunity question is whether it was clearly established in 2004 that plaintiff had a liberty interest of which defendants deprived him. When prison officials subject inmates to serious punishment like punitive segregation, they must observe the safeguards of due process. Wolff v. McDonnell, 418U.S. 539, 556-59, 94 S. Ct 2963 (1974). The Affidavit of Ernest Simpson at 1 though 52 and exhibits set forth the evidence for the Court to find that a genuine issue of material fact exists with respect to whether it was clearly established in late 2003 that Plaintiff had a liberty interest of which defendants deprived him. Plaintiff's loss of good-time credits to which he was entitled by statute and punitive segregation as a result of the allegedly wrongful conduct of the defendants involves the violation of a concrete, specific "liberty interest" within the protection of the due process clause of the Fifth Amendment.

Defendants have not proffered any evidence to refute Plaintiff's Claim that he never "received money from another inmate for prohibited purpose," as set forth at items 1 through 52 of Plaintiff's Affidavit. Plaintiff has always maintained that he did not commit the prohibited act alleged in the Incident Report or commit the charges/allegations made, and repeatedly disputed the same since November 12, 2003, as being erroneous and unsubstantiated. See Plaintiff's Affidavit at 22 through 52.

Defendant Bittbender at the conclusion of the disciplinary hearing determined Plaintiff committed the prohibited act of Code 217, Receiving Money from Another Inmate for a Prohibited purpose. Defendant placed in the record that (1) Plaintiff was exchanging money for contraband; (2) Plaintiff was involved in doing legal service/work for other inmates and charging for his work; (3) Plaintiff was filtering thousands of dollars into the Institution for Inmate Ingram. See Plaintiff's Affidavit 16 through 31.

Defendant Bittenbender's "fabricated and falsified records as set forth in Plaintiff's Affidavit at 38 through 31 to punish him for, among other things, filing administrative grievances as set forth in Plaintiff's Affidavit at item 50 through 51.

If proven, retaliatory fabrication of prison records would certainly meet the definition of a willful or intentional violation so patently, egregious and unlawful that it should have been known to a reasonable competent public official. Harlow v. Fitzgerald, 457 U.S. 800, 73 L.Ed.2d 396, 102 5. Ct. 2727 (1982) See also 18 U.S.C. 1001. Additionally, the "touchstone of due process is protection of the individual against arbitrary action of the government, Dent v. West Virginia, 129 U.S. 114, 123 [9 S. Ct. 231, 233, 32 L. Ed. 623] (1989)," Wolff v. McDonnell, 418 U.S. at 539, 558.

Defendant Dodrill, the Regional Director responding to Plaintiff's Administrative Remedy Appeal remanded the action for further review absent evidence to support a Code 217 change. Defendant Dodrill ordered the Incident Report expunged as set forth at items 33 through 39 in the Affidavit of Plaintiff. See also Exhibit 14. Defendant Dodrill had made a finding that the evidence did not support the charge and used mandatory language to expunge the Incident Report. Once Defendant Dodrill reviewed the Appeal for a second time, he had the power to correct the violations and the duty to act. Defendant's failure to act caused Plaintiff to be incarcerated 27 days past his mandatory release date. A competent public official should have known that disciplinary action not substantiated by any evidence violates due process protection of the individual against arbitrary action of the government. See Also 28 C.F.R. Section 541.17 (Institution staff may not use the existence of charged but unproven misconduct against the inmate.)

Defendant Watts is equally responsible because his failure to act caused a constitutional violation. Should this Case go forward to discovery, Plaintiff will submit evidence to support that the due process violations were clearly presented and obvious in the Administrative record/appeal. A supervisor who learns of violations through a report or appeal may be liable. Williams v. Smith, 781 F2d 319, 323-24 (2d Circ. 1986). A competent public official should have known that disciplinary actions not substantiated by any evidence, violates due process protection of the individual against arbitrary action of the government. See Also 28 C.F.R. Section 541.17 (Institution staff may not use the existence of charged but unproven misconduct against the inmate.) Because Plaintiff's specifically allege that no evidence supported the DHO's findings of guilt therefore is immediately cognizable under a Bivens claim.

Accordingly, under the facts stated above, each of the named defendants is not entitled to qualified immunity and should not be dismissed from this suit.

### H. Defendants Named Because Of Their Administrative Capacities Cannot Be Held Liable via Respondeat Superior

The Defendants contends that Defendants named because of their administrative capacities cannot be held liable via respondeat superior. The Plaintiff, however, does not base his claim solely on such a theory of respondeat superior. In the present case, however, the Plaintiff alleges that the practice of denying due process is in part responsible for his injuries. This theory does not Defendants Watts and Dodrill at fault for the actions of their subordinates on a respondeat superior basis; rather it alleges that the Defendants actions or acts of omissions resulted in the deprivation of Plaintiff's constitutional rights. Prison personnel may be held liable for their failure to

act if it causes a constitutional violation. " Acts of omission are actionable …to the same extent as acts of commission." Smith v. Ross 482 F.2d 33, 36 (6th Cir. 1978); accord, Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976) ( " medical care claims may be based on acts of omission").

## CONCLUSION

For reasons set forth herein, Plaintiff respectfully request that the Court deny the Defendants Motion to Dismiss in their entirety.

March 1, 2007

Respectfully submitted,

*Ernest Simpson*
Ernest Simpson
5701 37th Ave
Hyattsville, Maryland 20782
(410) 409-8595

## CERTIFICAT OF SERVICE

I certify that I caused copies of the foregoing Plaintiff's Response to Defendants Motion to Dismiss served by first class mail upon defendants at:
John Henault
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

On this 1st day of march, 2007

*Ernest Simpson*
Ernest Simpson
Pro se