**Copy of Ingram's sentence aggregation complaint As Exhibit 1**

State of Pennsylvania

County Of Union

Incident Report No. 1161853
Appeal No. 320229-R3

## Declaration of Michael Ingram

Michael Ingram declares under penalty of perjury:

1. I am an inmate at Federal Correctional Institution Allenwood. On or about November 3, 2003, I received a $300.00 Money Order from Tawana Grimes. She also purchased and mailed inmate Ernest Simpson a money order on or about November 7, 2003.

2. As a result of the November 3, 2003 incident, I was served with disciplinary charges for sending money to another for prohibited purpose.

3. The staff statements alleged that I had send money to inmate Ernest Simpson for legal services that he provided me. Simpson and I denied the allegations at the disciplinary hearing.

4. I submit this declaration to verify that I have given Inmate Ernest Simpson copies of my records to use at his discretion to support that I came to him for advice because we have a common issue. He had already pursued this issue and was in a better position to assist me.

Pursuant to 28 U.S.C. § 1746, I declare ( or certify, verify, or state ) under penalty of perjury that the foregoing is true and correct.

*Michael K. Ingram*
Michael Ingram

Date: March 11, 2004

**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Telephone (301) 492-5990
Facsimile (301) 492-5307

June 26, 2003

Michael Ingram
Reg. No. 22090-016
FCI Allenwood
PO Box 2000
White Deer, PA 17887-2000

Dear Mr. Ingram:

In response to your letter dated May 27, 2003, the Bureau of Prisons is responsible for computing you sentence. Please contact the Inmate Systems Manger's Office to answer any further questions.

Thank you for your interest in this matter.

Sincerely,

Steven M. Brunson
Steven M. Brunson
Case Analyst

SMB

Administration Remedy No. 261671-A1
Part B-Response

This is in response to your Administrative Remedy Appeal in which you believe your sentence computation is inaccurate. You contend your parole eligibility date is being delayed due to your D.C. Code violation sentences being combined to establish one parole eligibility date.

A review of the issues raised in your appeal has been conducted. You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the institution and regional levels. We concur with the previous findings in that the Bureau of Prisons computed your sentences consistent with the intent of the court and in accordance with all applicable statutes that pertain to the calculation of the sentence and P.S. 5880.28, Sentence Computation Manual-CCCA, and P.S. 5880.32, District of Columbia Sentence Computation Manual.

Your appeal is denied.

_____          _____
Date                             Harrell Watts, Administrator
                                 National Inmate Appeals



```
INGRAM, Michael
Reg. No. 22090-016
Remedy No. 311740-R1
Page One
```

## Part B - Response

In your appeal, you contend your sentences should have been aggregated prior to your initial parole hearing. You feel the outcome of your initial parole hearing might have been more favorable had the Reviewing Officer been aware of your 4-12 year term and the total length of imprisonment you are to serve.

Your appeal references your reason for appeal is continued on an additional page. Please be advised this additional page was not attached to your appeal. We will address the issue noted above. A review of your appeal revealed, in May 2002, your sentence computation was reviewed in response to Administrative Remedy Number 262671-R2. You were advised that your sentences were *aggregated in compliance with policy.* On November 28, 2001, the Parole Commission was notified of your aggregated parole eligibility date. Your assertion now that the sentences should have been aggregated earlier so a possible favorable decision would be obtained from the Parole Commission is without merit. The Notices of Action issued by the Parole Commission revealed that the Parole Commission was notified of the sentence computation change and revised its decision accordingly. Your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administration Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 18, 2003

M. E. RAY
Regional Director

INGRAM, Michael
#22090-037
Response to Informal Resolution

This is in response to your request for administrative remedy, receipted September 09, 2003.

The Honorable Judge Paul L. Friedman of the United States District Court for the District of Columbia sentenced you on October 30, 1998 to 57 months imprisonment for the offense of Unlawful Possession of a Firearm and Ammunition by a Convicted Felon on count 1 and 20 months to 5 years imprisonment for the offense of Attempted Aggravated Assault, which is a District of Columbia Code, for count 2. These two counts are ordered to run concurrently to each other. A U.S. Code term and a D.C. Code term cannot be aggregated and must be computed separately as standing alone. Therefore, both terms of imprisonment began on the day of sentencing, October 30, 1998.

On March 19, 1999, you were sentenced in the Superior Court for the District of Columbia by the Honorable Judge Tignor to 4 to 12 years imprisonment for the offense of Burglary II. This term was ordered to run consecutively to any other sentence. Therefore, this term could not begin until you complete the 57 months and 20 months to 5 years imprisonment ordered earlier.

On November 28, 2001, the 4 to 12 year imprisonment term was **combined** with your 20 months to 5 years term **to reflect one parole eligibility date**. The violation term is still consecutive even though it has been combined. The authority to compute D.C. sentences has been delegated to the Federal Bureau of Prisons through the District of Columbia Revitalization Act of 1997.