**Copy of Simpson's sentence aggregation complaint as Exhibited 2**

...of Justice  *lock down from 8-5-02 thru 8-12-02*    Regional Administrative Remedy Appeal    *put in mail 8-12-02 ES*    7-8F-02

| SIMPSON, ERNEST | 18567-037 | 4B | ALLENWOOD (MED) |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

THIS REQUEST HAS NOT BEEN ANSWERED. THIS ISSUE IS NOT A PAROLE ISSUE OR A CONCURRENCE OF THE SENTENCE ISSUE. THE ISSUE IS A COMPUTATION OF THE SENTENCE ISSUE. SIMPLE MATH WILL SOLVE THE PROBLEM. SIMPSON WAS PAROLED FROM HIS FIRST SENTENCE (6 YEARS) TO THE SECOND SENTENCE ( 8 YEARS CONSECUTIVE TO THE 6 YEARS ) ON FEBRUARY 22, 1984. THE TOTAL REMAINING SENTENCE FROM FEBRUARY 22, 1984 IS 12 YEARS. PROGRAM STATEMENT 5880.30 (E) PROVIDES THE METHOD FOR COMPUTATION OF SENTENCE FROM ONE PAROLEABLE SENTENCE TO ANOTHER PAROLEABLE SENTENCE. EXHIBIT 1. SIMPSON'S TOTAL SENTENCE IS 12 YEARS BEGINNING FROM FEBRUARY 22, 1984, NOT 14 YEARS.

AUGUST 12, 2002          *Ernest Simpson*
DATE                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE                                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

CASE NUMBER: _____

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**                                            CASE NUMBER: _____

Administrative Remedy No. 224293-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you claim your United States Code and District of Columbia Code sentences should not have been aggregated.

We have reviewed your records and concur with the response you received from the Northeast Regional Office. Program Statement 5880.30, <u>Sentence Computation Manual</u>, outlines the policy on aggregation of United States and District of Columbia Code violations. A review of your sentence computation reflects that your sentences were appropriately aggregated and computed according to Bureau of Prison policy. Your appeal is denied.

_Jan 24, 2001_
Date

_[signature]_
Harrell Watts, Administrator
National Inmate Appeals

SIMPSON, Ernest
Reg. No. 18567-037
Appeal No. 224293-R1
Page One

---

## Part B - Response

In your appeal, you contend your sentences have been computed incorrectly. Specifically, you contend that your D.C. Code and U.S. Code sentences should not have been aggregated.

A review of your records indicate that on December 22, 1981, you were sentenced in the United States District Court for the District of Maryland to an aggregate sentence of six years on a number of convictions in violation of U.S. Code. On June 8, 1982, you were sent in D.C. Superior Court to a total term of 2 years to 8 years for convictions in violation of the D.C. Code. This 8 year sentence was ordered to run consecutively to the six year term imposed on December 22, 1981. The sentence were properly aggregated to a total term of 14 years. Once aggregated, the individual sentence do not expire independently of one another.

Pursuant to Program Statement 5880-30, <u>Sentence Computation Manual</u>, Chapter VII, Page 22, whenever a combination of compatible D.C. Code and U.S. Code sentences are imposed, those terms are to be aggregated. You have been released on parole from this 14 year sentence twice and you have been returned as a parole violator twice. The balance of your sentence as a parole violation term is correctly based on your aggregate 14 year sentence. Your sentences have been computed accurately and in accordance with established policy and statute. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administration Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 30, 2000

DAVID M. RARDIN
Regional Director

point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
submitted with this appeal.

| SIMPSON, ERNEST | 18567-037 | 4B | ALLENWOOD - MEED. |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL  - The issue here is the failure of the Bureau of Prisons to comply with its own mandatory regulations. Simpson's sentence consist of a six year term (federal code) and a two year to eight year term to be served consecutive (D.C. Code). The Courts refer to his sentence as a "mixed sentence". Simpson's sentence is governed by 18 U.S.C. §4205 (a) 1982, under which he is eligible for parole after serving one-third of his sentence. Parole eligibility for Simpson's D.C. sentence is governed by D.C. Code § 24-203 (a), which provides that he is eligible for parole after serving the minimum sentence of his term.

It is undisputeed that the separate D.C. and federal compnents of Simpson's mixed sentence must be and was " aggregated " for the purpose of calculating his parole eligibility date pursuant to 28 C.F.R. § 2.66. **Chatman-Bey v. Meese**, 797 F.2d 987, 994 ( D.C. Cir. 1986 ). The Commission applied § 2.66 to Simpson's sentence, these regulations attempted to meld the federal and D.C. parole provisions through a three-step algorithm.  The process commenced on Simpson's initial parole elibility date, calculated in a manner prescribed by **Chatman-Bey** and applied in the instant case.  First, the Commission applied the federal parole guidelines 28 C.F.R. § 2.20, and determined that one-third of the 6 years ( 24 Months ) was the suitability date for the federal portion of the sentence.  Second, the Commission calculated the 2 years minimum term of the D.C. offense, id. § 2.66 (e) and then decided, pursuant to § 2.66 (f) to run all of that concurrently with his 72 months of " federal time ". Third,

October 7, 2002                                   *Ernest Simpson*
DATE                                              SIGNATURE OF REQUESTER

Part B—RESPONSE



RECEIVED
OCT 15 2002
ADMINISTRATIVE REMEDY BRANCH

DATE                                              GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                        CASE NUMBER: 272934-A

Part C—RECEIPT                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Administrative Remedy No. 272986-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you believe your sentence computation is incorrect. Specifically, you allege you are entitled to additional credit toward your federal parole violation term from May 28, 1994, through March 18, 1998.

A review of the issues raised in your appeal has been conducted. Thorough reviews of your sentence computation were also completed for your Central Office Administrative Remedy Appeal numbers 224293-A1, 253637-A1 and 272984-A1. We concur with the previous findings in that the Bureau of Prisons computed your sentence in accordance with all applicable statutes that pertain to the calculation of the sentence and P.S. 5880.30, <u>Sentence Computation Manual "Old Law"</u>. Your appeal is closed as repetitive.

November 22, 2002
Date

Harrell Watts, Administrator
National Inmate Appeals