**Copy of disposition of DHO hearing as Exhibit 7**

believed practical under FOIAE/PA policy. . The inmate was advised to make any formal request for documents to Central Office.

| C. Witness(es): | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | No | XX | |
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate. | | | | | |
| 3. The following persons requested were not called for the reason(s) given: | | | | | |
| 4. Unavailable witnesses were requested to submit written | Yes | | No | N/A | X |

| D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: |
|---|
| Memorandum from M. Cook dated 11/12/03<br>Copy of Money Order sent to I/M Simpson from T. Grimes<br>Copy of Money Order sent to I/M Ingram from T. Grimes. |
| E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: |
| N/A |

**IV. FINDINGS OF THE DHO**

| x | A. The act(s) was/were committed as charged. | |
|---|---|---|
| X | B. The following act(s) was/were committed: | 217 |
| | C. No prohibited act(s) was/were committed: | Expunge according to PS 5270.07. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

During this discipline hearing regarding SIMPSON, Ernest, Register No. 18567-037, for the charge(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, the following information was evidentiary and documented by the DHO in his findings.

SIMPSON'S involvement in the incident as noted in Section 11 of Incident Report 1161850, as provided by M. Cook, SIS Technician, was viewed as inculpatory in this case.
M. Cook writes: On November 12, 2003 I monitored incoming money transactions which were received in the mailroom on November 7, 2003. In doing so, I found a money order, dated October 30, 2003, for $200, which was send to inmate Simpson, Ernest (Reg. Number 18567-037). The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD. 20744. Tawana Grimes is an associate of inmate INGRAM, Michael (Reg. Number 22090-016), which can be confirmed by INGRAM's money trail. INGRAM has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding. Inmate INGRAM received a $300 money order from Ms. Grimes on November 3, 2003, which was purchased on the same date (October 30, 2003) as inmate Simpson's money order. It is apparent that Ms. Grimes was sending money to inmate Simpson on Inmate INGRAM's behalf. This type of money transaction is unauthorized.

Inculpatory evidence in the form of the money orders sent to I/M INGRAM and SIMPSON from T. Grimes, dated 10/30/03, corroborated the evidence cited in the incident report in this case. The money orders clearly indicate the exchanging of money through the same source (T. Grimes) with the same address and both purchased on the same date.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information and by virtue of their position, are obligated to be truthful. Simpson did not refute the money nor did he make any attempt to question the posting of this amount to his account, thus, SIMPSON had to have some knowledge of this money and the amount which was sent to him.