Copy of DHO amended report as Exhibit 15

# REHEARING - AMENDED DHO HEARING REPORT

Initial DHO Hearing conducted on 11/20/03 - *Additions to DHO Hearing Report are in **BOLD** Print.

| INSTITUTION | FCI ALLENWOOD | | INCIDENT REPORT NUMBER | | 1161850 | |
|---|---|---|---|---|---|---|
| INMATE NAME | SIMPSON, Ernest | | REG NO | 18567-037 | UNIT | 4B |
| DATE OF INCIDENT | 11/07/2003 | | DATE OF INCIDENT REPORT | | 11/12/2003 | |
| OFFENSE CODE(S) | **299 Most Like 217** | | | | | |
| SUMMARY OF CHARGES | **Conduct which disrupts the orderly running of the institution, most like: Receiving Money From Another Inmate for a Prohibited Purpose** | | | | | |

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)  11/13/2003  (at)  0815  (by)  F. Passaniti, Lt.

B. The DHO Hearing was held on (date)  **3/4/04**  (at)  **10:30 a.m.**

C. The inmate was advised of his rights before the DHO by (staff member):
**D. Schader**  on (date)  **3/3/04**  and a copy of the advisement of rights form is attached.

### II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes | xx | No | |
|---|---|---|---|---|
| B. Inmate requested staff representative and | | | | appeared. |

C. Requested staff representative declined or could not appear. The inmate was advised of the option to postpone hearing to obtain another representative with the result: N/A

| D. Warden appointed Rep. | | appeared. |
|---|---|---|

E. Staff representative statement:

### III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | x | neither | | |
|---|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, SIMPSON was advised of his Rights before the DHO, indicated he understood them (waived witness testimony) and chose to provide the following statement:

SIMPSON stated, "Please give me the benefit of the doubt for this report." SIMPSON continued by stating, "I've assisted this guy (INGRAM) with legal work for the past year and a half and I've never asked him for anything (money or commissary)." SIMPSON further stated, "I did this (legal work) out of the goodness of my heart." SIMPSON stated, "I didn't know the money had come from Ms. Grimes and I didn't know where it may have come from so I couldn't refuse it." SIMPSON concluded, "I thought the money had come from somewhere else."

and he indicated he understood them and chose to provide the following statement:

SIMPSON stated, "That particular issue was for assisting INGRAM for the aggregation of time with DC Offenders." SIMPSON stated, "INGRAM's been asking me for information relating to that incident." SIMPSON further stated, "I received $200.00 dollars which I didn't ask for from INGRAM's family." SIMPSON stated, "I have known the family for over thirty years and I didn't question anyone about the money when I received it." SIMPSON stated, "There was no return address and I don't think that I have to be expecting money for people to send me money; I'm just not guilty of these charges."

No procedural issues were cited, nor was any documentary evidence provided for consideration.

Inculpatory and exculpatory evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy. . The inmate was advised to make any formal request for documents to the Central Office.

| | | | | |
|---|---|---|---|---|
| C. Witness(es): | | | | |
| 1. The inmate requested witness(es). | Yes: | | No | XX |
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate. | | | | |
| 3. The following persons requested were not called for the reason(s) given: | | | | |
| 4. Unavailable witnesses were requested to submit written | Yes | | No | N/A  X |
| D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: | | | | |
| Memorandum from M. Cook dated 11/12/03<br>Copy of Money Order sent to I/M Simpson from T. Grimes<br>Copy of Money Order sent to I/M Ingram from T. Grimes. | | | | |
| E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: | | | | |
| N/A | | | | |

| | |
|---|---|
| **IV. FINDINGS OF THE DHO** | |
| X | A. The act(s) was/were committed as charged. |
| X | B. The following act(s) was/were committed:   **299 Most Like Code 217** |
| | C. No prohibited act(s) was/were committed: Expunge according to PS 5270.07. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

During this discipline hearing regarding SIMPSON, Ernest, Register No. 18567-037, for the charge(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, the following information was evidentiary and documented by the DHO in his findings.

SIMPSON'S involvement in the incident as noted in Section 11 of Incident Report 1161850, as provided by M. Cook, SIS Technician, was viewed as inculpatory in this case.
M. Cook writes: On November 12, 2003 I monitored incoming money transactions which were received in the mailroom on November 7, 2003. In doing so, I found a money order, dated October 30, 2003, for $200, which was send to inmate Simpson, Ernest (Reg. Number 18567-037). The sender was Tawana Grimes, 8202 Comet Drive, Fort Washington, MD. 20744. Tawana Grimes is an associate of inmate INGRAM, Michael (Reg. Number 22090-016), which can be confirmed by INGRAM's money trail. INGRAM has sent thousands of dollars to Tawana Grimes since November of 2002, allegedly in preparation of his upcoming wedding.

purchased on the same date (October 30, 2003) as inmate Simpson's money order. It is apparent that Ms. Grimes is sending money to inmate Simpson in inmate INGRAM's behalf. This type of money transaction is unauthorized.

Inculpatory evidence in the form of the money orders sent to I/M INGRAM and SIMPSON from T. Grimes, dated 10/30/03, corroborated the evidence cited in the incident report in this case. The money orders clearly indicate the exchanging of money through the same source (T. Grimes) with the same address and both purchased on the same date.

The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information and by virtue of their position, are obligated to be truthful. Simpson did not refute the money nor did he make any attempt to question the posting of this amount to his account, thus, SIMPSON had to have some knowledge of this money and the amount which was sent to him.

**Due to the Administrative Appeal submitted by SIMPSON, an amended DHO Hearing Report and Rehearing was conducted. The DHO finds the charge(s) for Conduct which disrupts, most like Giving/Receiving Money from another inmate for prohibited purposes, code 299 most like code 217 supports and substantiates the charges outlined in the initial incident report. Since the initial charge is changed, SIMPSON was issued his Rights At Discipline Hearings and Notice of Discipline Hearing (BP-293 and BP-294) to give notification of the change in charges against him.**

Upon questioning by the DHO, SIMPSON denied the charge(s). He elaborated upon his plea by stating, he knew nothing of the source as to where the money had come from.

**SIMPSON again denied the charges stating he didn't have to be expecting money for people to send him money.**

After the consideration of evidence listed in Section V of this hearing report and documented above, the DHO has drawn the conclusion the greater weight of the evidence / some facts, listed in paragraphs two and three above, support(s) the finding SIMPSON, Ernest, Register No. 18567-037, committed the prohibited act(s) of **Conduct which Disrupts the Orderly Running / Security of the Institution - Most Like Receiving Money from Another Inmate for a Prohibited Purpose, Code 299 Most Like 217**, on November 7, 2003, at FCI Allenwood, PA.

| VI. SANCTION OR ACTION TAKEN |
|---|
| **Code 299 Most Like 217** -<br>　　　　Disciplinary Segregation - 15 Days<br>　　　　Disciplinary Segregation - 15 Days suspended 180 Days pending clear conduct<br>　　　　Forfeiture of Statutory Good Conduct Time - 27 Days<br>　　　　Comp 040 Law O<br>　　　　Loss of Privileges (Commissary) - 180 Days<br>　　　　Loss of Job (Unit 4B Orderly)<br><br>　**\*All sanctions are to be served consecutive to like sanctions previously imposed.**<br><br>**The DHO is sustaining the initial sanctions imposed from the original DHO Hearing** |

SIMPSON'S conduct which disrupts or interferes with the security or orderly running of the institution, most like receiving Money from Another Inmate for a Prohibited Purpose cannot be tolerated in a correctional institution as such behavior seriously threatens the security and orderly operation of the institution. History has shown such action has lead to physical confrontations between staff and inmates and to acts of violence between inmates. Accordingly, Disciplinary Segregation and the Forfeiture of Statutory Good Conduct Time is sanctioned to punish SIMPSON for his misconduct while the Loss of Privileges (Commissary), the Loss of Job (Unit 4B Orderly) and Disciplinary Segregation (15 Days), suspended for 180 days pending clear conduct is sanctioned in an effort to impress upon SIMPSON the gravity of his actions and hopefully deter him from such actions in the future.

The DHO is sustaining the initial sanctions imposed on 11/20/03.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |
|---|---|---|---|---|

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| K. Bittenbender | [signature] | 3/5/04 |
| Report sent to inmate by | Signature: [signature] | Date: 3/8/04 |