Copy of retaliation affidavits and case as Exhibit 19

# AFFIDAVIT

STATE OF PENNSYLVANIA )
                              ) SS:  AFFIDAVIT OF MIKE PEREZ
COUNTY OF UNION        )

      I MIKE PEREZ, being duly Sworn, deposes and says:

      1. That I am an inmate confined at the Federal Correctional Institution of Allenwood, Pennsylvania, since November 18, 2003.

      2. That on information and belief I have received inadequate medical care/treatment from the medical staff personell; and prison officials, here at the federal institution of Allenwood.

      3. That I suffer of Chronic deceases such as Asthma; High Blood Pressure; Tachycardia also known as Arrythmia; and restricted of high level of noise. And, that on many occasions this federal institutional staff have indeed denied me access to medical, when symptoms of asthma and; arrythmia have triggered causing attacks; and problem with lung(s).

      4. That I have been with a chronic pain on my left-foot for over nine months extending over - within that period of nine months reaching my neck when triggers causing pain and; high blood pressure at times.

      5. Medical staff has stated "there is nothing else we could do for you we have given you all we have".

      6. That on several occasions I have attempted to file Administrative Grievances in regards to the inadequate medical care and treatment and, the unavailability of the Grievance Program here for inmate like myself at the federal institution of Allenwood to no avail, when hindered by the staff of this institution.

Cont. Affidavit of Mike Perez

7. That my job assignment has been changed/transferred approx. 6 to 7 times without I placing a request for job change/transfer, nor being placed on notice, nor fired for not performing my job assignment. Causing and placing my health and safety - danger, ignoring my medical illness' and restrictions.

8. That it is my information and belief the above inadequate medical care and treatment was/is active in retaliation for seeking redress of medical through the grievances, and the disciplinary incident report I received at the Federal Correctional Institution of Schuylkill, PA. in the year 2003.

9. That during the am: hrs. of October 20, 2004 the Federal Correctional Prision Officials of Allenwood announced a "Shakedown" on my living quaters, leaving me without prior submitted, filed Administrative Remedy Grievances dealing with medical issues, and disciplinary incident report received at the federal correctional institution of Schuylkill, PA. in the year 2003.

10. That on or about October 21, 2004 I submitted a "Request to Staff Member", to the S.I.S. L.T., (investigative Lieutenants of Allenwood) in search of my propety illegally taken from me on October 20, 2004. As a response I was told by this institution staff that "I have no property confiscated from you".

AFFIANT FURTHER SAYTH NAUGHT
Done this 26, day of January 2005.

By _____
Mike Perez
Register No. 47688.066
Federal Correctional Institution
Allenwood
Post Office Box 2000
White Deer, PA. 17882-2000

SWORN BY _____
Mike Perez

Subscribe and Sworn before me this 26, day of January 2005.

NOTARY PUBLIC _____

MY COMMISSION EXPIRES: _____

AFFIDAVIT

STATE OF PENNSYLVANIA )
                      ) SS:   AFFIDAVIT OF ALBERTO CONCEPCION
COUNTY OF UNION       )


I, **Alberto Concepcion**, being duly Sworn, deposes, and says:

1. I am an inmate at the Federal Correctional Institution of Allenwood, at P.O. Box 2000 White Deer, PA. 17887-2000.

2. I am more than eighteen years old and understand the consequences of an oath.

3. I make this AFFIDAVIT of my own free will, without any threats, promises, or monetary gain.

4. That Prison Officials here at F.C.I. Allenwood, confiscated legal mail, book's, and the glasses belonging to me for a period of thirty days, when fabricating an incident report in retaliation to a Civil Rico Action Complaint.

5. That on May 14, 2004 lieutenant R. Womedorf told me "we run this fuck-in prison the way we want to run it", "nobody told you ..... to come to prison".

6. That Prison Officials here at F.C.I. Allenwood took my life and liberty by willfully & knowingly fabricated an illegal act; and placed me in the Segregation Housing Unit, creating a conflict with the Federal Rules and Procedures.

7. That relevant to the false incident report before the Disciplinary Hearing Official here at allenwood on May 27, 2004 lieutenant R. Womedorf interrupted the hearing by "showing" body language specifically he open the door where the hearing was taking place holding the door handle - standing at the entrance looking at me, "smiling" in a retaliatory manner for approximately sixty seconds, placing chills and intimidation.

8. That relevant to the false incident report hearing the Disciplinary Hearing Official should have dismissed the illegal charged filed against me, or place an inquiry detailing lieutenant R. Womedorf conduct in my case. Instead the Diciplinary Hearing Official found guilt on the illegal fabricated act written by lieutenant R. Womedorf.

Page (2)
Affidavit of Alberto Concepcion

9. That Prison Official' here at F.C.I. Allenwood, when took my life and liberty they have extended my release date by deducting ten (10) days of Good Conduct Time when sanctioned by the Diciplinary Hearing Official for the fabricated illegal act written by the lieutenant R. Womedorf.

10. That Prison Official' here at F.C.I. Allenwood, have tampered with incoming and outgoing certified legal mail properly addressed to the U.S. Courts, attorney(s), and other federal agencies, causing delay and frustration when seeking redress.

11. That Prison Official' here at F.C.I. Allenwood, have tampered with my family, and friends outgoing mail, causing frustration.

12. That Prison Official' here at F.C.I. Allenwood, have been obstructing my ability to adequately communicate with the U.S. Courts; attorney(s); other agencies; including my family and friends communication.

13. That F.C.I. Allenwood's Prison Officials/Staff willfully, and knowingly violate inmates Constitutional Rights, at will then employ each other to create false records, and incident reports to cover their illegal act(s).

**AFFIANT FURTHER SAYTH NAUGHT**
Done this 27 day of January 2005.

By _Alberto Concepcion_
Alberto Concepcion
Reg. No. 22853-058
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA. 17887-2000
Unit 4

Subscribe and Sworn before me
this 27, day of January 2005.

_Cynthia A. Hugar_
NOTARY PUBLIC

COMMISSION EXPIRES:
NOTARIAL SEAL
CYNTHIA A. HUGAR, Notary Public
Gregg Twp., Union County
My Commission Expires December 19, 2005

State of Pennsylvania    )
                         )
County of Union          )

### Affidavit of Alejandro Hernandez

I Alejandro Hernandez, being duly sworn, deposes and says:

1. I am more than eighteen years old and understand the consequences of an oath.

2. In an inmate at the Federal Correctional Institution Allenwood-Medimum.

3. I was in the law library when I heard Ernest Simpson and another inmate talking about how the FCI Allenwood Staff had retaliated against them for filing Tort Claims and Administrative Remedies against the staff at FCI Allenwood.

4. I told them that I had filed a Tort Claim # TRT-NER-2004-00772 for loss property and that I was called to the Lieutentant Office to sign off on the Tort Claim.

5. I refused to sign the papers presented to me thus I was put in the Special Housing Unit (SHU) after being advised by the Lieutentant that I would stay in SHU until I signed off on the Tort Claim.

6. After two (2) days in SHU I signed the papers given to me by the Lieutentant stating that my property was located.

6.  I was released from SHU on or about February 5, 2004. When I returned to work with the Federal Prison Industries, Inc., I learned that I was also demoted from grade 1 pay to grade 2 pay, all because I filed a Tort Claim for my property.

*Alejandro Hernandez*

Sworn to me this 10 day of November 2004

*Alicia R. Farley*
Notary Public

My Commission Expires:

_____

Jack T. HOWARD, Plaintiff

v.

Jake MENDEZ, et al., Defendants.

Civil Action No. 1:CV-02-2289.

United States District Court,
M.D. Pennsylvania.

Feb. 9, 2004.

Background: Federal prison inmate fired from his prison job brought pro se action against corrections officials alleging disability discrimination and retaliation, asserting *Bivens* claim and Rehabilitation Act claim. Defendants moved for summary judgment on statute of limitations grounds.

Holdings: The District Court, Caldwell, J., held that:

1) state equitable estoppel tolling rule was applicable to period during which official delayed filing out administrative complaint form, even though delay was neglectful rather than intentional, and

2) state statutory tolling period was also applicable for period during which inmate pursued mandatory administrative exhaustion process.

Motion denied.

1. **Civil Rights** ⇐1379
**Federal Courts** ⇐424
**United States** ⇐50.20
The limitations period for personal injury actions is applicable to *Bivens* and Rehabilitation Act claims. Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794.

2. **Federal Courts** ⇐427
When federal court applies analogous state statute of limitations in action asserting federal civil rights claims, court also applies any relevant state tolling principles, unless they conflict with federal law or policy.

3. **Limitation of Actions** ⇐105(1)
Under Pennsylvania statute requiring tolling of limitations period where court first accepted, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is the claim against federal officers that is the counterpart to a claim against state officers under 42 U.S.C. § 1983.

4. **Limitation of Actions** ⇐13, 104(1)
Under Pennsylvania law, limitations period may be tolled by equitable estoppel if defendant has committed fraud or concealment that causes plaintiff to relax vigilance or deviate from his right of inquiry; fraud or concealment can be unintentional. 42 Pa.C.S.A. § 5524(7).

5. **Federal Courts** ⇐427
Although state tolling rules apply when federal court applies state statute of limitations in action asserting federal civil rights claims, federal law controls when cause of action accrues.

6. **Limitation of Actions** ⇐95(15)
Under federal law, civil rights cause of action accrues for limitations purposes when plaintiff knew or should have known of injury upon which action is based.

7. **Limitation of Actions** ⇐13, 104(1)
Under equitable estoppel, tolling rule of Pennsylvania law, as predicted by federal district court, limitations period for federal prison inmate's *Bivens* and Rehabilitation Act claims against corrections officials was tolled for three-month-plus period during which official delayed filling out first-stage complaint form for mandatory administrative remedy process, even though delay constituted neglect, rather than intentional fraud or concealment, when inmate was required to be completed form, not by inmate. Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794; 42 Pa. C.S.A. § 5524; 28 C.F.R. § 542.10 et seq.

8. **Limitation of Actions** ⇐105(1)
Under Pennsylvania statute requiring tolling of limitations period where court...

---

Jack T. Howard, White Deer, PA, Plaintiff Pro Se.

Douglas S. Goldring, Assistant General Counsel, Federal Prison Industries (UNI-COR), Washington, DC, Stephen Cerutti, U.S. Attorney's Office, Harrisburg, PA, for Defendants.

MEMORANDUM

CALDWELL, District Judge.

*Introduction.*

The pro se plaintiff, Jack T. Howard, an inmate at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this civil rights action, alleging that the defendants discriminated against him when they fired him from his prison job because of a hearing disability, that conditions on the job had worsened an already existing hearing problem, and that defendants retaliated against him when he complained about his firing.[1] He makes a claim under the Rehabilitation Act, 29 U.S.C. § 794, and *Bivens* claims for violations of the First and Eighth Amendments and the equal-protection component of the Fifth Amendment.[2]

The defendants have filed a motion, which we converted to one for summary judgment, arguing that Plaintiff's suit is barred by the statute of limitations. We will evaluate the motion under the well established standard. *See Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 246–47 (3d Cir.2002). In doing so, we will deny it because we conclude that equitable estoppel and statutory tolling combine to defeat the motion on the record before us.

II. *Background.*

The following is the background to the motion, as established by the summary-judgment record. On February 29, 2000, Howard was fired from his prison job. (Doc. 15, Am.Compl., p. 5). On March 9, 2001, he filed a civil rights action raising the same claims presented here. On April 9, 2001, we dismissed that case without prejudice because he had only partially completed the Bureau of Prisons' administrative-remedy process, thus failing to exhaust available administrative remedies as required by 42 U.S.C. § 1997e. *Howard v. Zenk*, No. 1:CV-01-0488 (M.D. Pa. April 9, 2001) (Caldwell, J.).[3]

3. Section 1997e(a) requires exhaustion of administrative remedies before a prisoner can file suit under any federal law with respect to prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)(exhaustion under section 1997e(a)



*Id.* We find that Industry Petitioners' efforts in opposing NWF's motion to compel the CBI was indeed a reasonable attempt to protect its confidential business information, and any protection afforded that information was not waived through the inadvertent disclosure of that information by EPA.

We understand, however, that the present situation involves an Order of this Court concerning trade secret information rather than an evidentiary privilege. The finding of *Lavin* then, while instructive, is not necessarily controlling. The *Lavin* holding does instruct us, however, to seriously question the propriety of counsel's actions, especially when taken together with the language of our Order denying NWF access to the very information NWF argues it was entitled to use. For these reasons, rather than impose sanctions against NWF counsel, we refer this matter to the Committee on Admissions and Grievances for its consideration and recommendation or petition to the Court as the Committee may see fit to present. *See In re Door*, 195 F.2d 766, 771 (D.C.Cir.1952).

## V.

For the reasons stated, the petitions for review and the motion for sanctions are denied.

---

Latchmie TOOLASPRASHAD, Appellant,

v.

BUREAU OF PRISONS, et al., Appellees.

No. 00-5424.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 11, 2002.

Decided April 19, 2002.

Prisoner who purportedly was transferred and reclassified as a "special offender" in retaliation for exercising his First Amendment rights, rather than for the reasons stated in an allegedly falsified transfer memorandum, brought pro se action against the Bureau of Prisons for violation of the Privacy Act. The United States District Court for the District of Columbia, Emmet G. Sullivan, J., granted the Bureau's motion to dismiss and subsequently denied prisoner's motion for reconsideration. Prisoner appealed. After granting partial summary affirmance, the Court of Appeals, Tatel, Circuit Judge, held that: (1) prisoner timely appealed both the denial of reconsideration and the underlying dismissal; (2) prisoner adequately alleged the first three elements of a Privacy Act claim for damages, inaccurate records, agency intent, and proximate causation; and (3) as a matter of apparent first impression, the alleged transfer and reclassification of prisoner in retaliation for the exercise of his First Amendment rights, if proven, constituted an "adverse determination" under the Privacy Act.

Reversed and remanded.

**1. Federal Courts** ⚖=794

Where the Court of Appeals reviews a decision granting a motion to dismiss, it must accept as true all of the factual allegations contained in the complaint(s).

**2. Federal Courts** ⚖=776

Court of Appeals reviews de novo the district court's grant of a motion to dismiss.

**3. Federal Courts** ⚖=668

Notice of appeal filed fewer than 60 days after the district court's denial of plaintiff's motion for reconsideration constituted a timely appeal from that denial. F.R.A.P. Rule 4(a)(1)(B), 28 U.S.C.A.

**4. Federal Courts** ⚖=668

Pro se plaintiff's notice of appeal from the district court's dismissal of his complaint was deemed timely, even though notice was filed almost five months after the district court's entry of judgment; several days after the judgment of dismissal plaintiff filed motion for enlargement of time, procedural confusion arose in part because the district court overstepped its authority in granting an extension of time, under a liberal construction it made sense to construe plaintiff's motion for enlargement as a motion for relief from judgment and his subsequent motion for reconsideration as a memorandum in support thereof, and plaintiff filed notice of appeal fewer than 60 days from entry of order denying reconsideration. F.R.A.P. Rule 4(a)(4)(A)(vi), 28 U.S.C.A.; Fed.Rules Civ. Proc.Rules 6(b), 60, 28 U.S.C.A.

**5. Federal Courts** ⚖=794

Court of Appeals has an obligation to construe pro se filings liberally.

**6. Records** ⚖=31

To state a claim for money damages under the Privacy Act, plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an "adverse determination" was "made" respecting the plaintiff. 5 U.S.C.A. § 552a(g)(1)(C).

**7. Records** ⚖=31

To state a claim for money damages under the Privacy Act, plaintiff must allege inaccurate records, agency intent, proximate causation, and an "adverse determination." 5 U.S.C.A. § 552a.

**8. Federal Civil Procedure** ⚖=1773

Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**9. Records** ⚖=31

Analysis of the inaccurate records element of a Privacy Act claim depends on whether the "truth" underlying the challenged statements is clearly provable or relatively easily ascertainable; in typical cases, where truth can readily be ascertained, it is feasible, necessary, and proper for the agency and, in turn, the district court, to determine whether each filed item of information is accurate, whereas in atypical cases where truth is harder to determine, neither the agency nor the court is required to find and record truth but, rather, it suffices to adjust the file equitably to reveal actual uncertainty. 5 U.S.C.A. § 552a.

**10. Records** ⚖=31

Prisoner adequately asserted the first element of his Privacy Act claim, inaccurate records, by challenging as false a specific assertion in his transfer memorandum that, depending on the evidence, could have been easily ascertainable, namely, that he had a significant documented history of harassing and demeaning staff members at the specified Federal Correctional Institution (FCI). 5 U.S.C.A. § 552a.