UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERNEST SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1090 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Federal Bureau of Prisons, Harrell Watts, Administrator of National Inmate Appeals, Central Office; D. Scott Dodrill, Northeast Regional Director; K. Bittenbender, Discipline Hearing Officer, FCI Allenwood; and Margie Cook, SIS Technician, FCI Allenwood, in only their official capacities as employees of the Federal Bureau of Prisons respectfully file this reply in support of their motion to dismiss.[1]

**ARGUMENT**

**I.  PLAINTIFF'S FTCA CLAIM MUST BE DISMISSED**

   **A.  The Federal Bureau of Prisons and Individuals are not Proper Defendants in an FTCA Suit**

In opposition to the argument that plaintiff has not named the United States as a defendant for his FTCA claim, plaintiff asserts that the Court should read his pro se complaint as stating a claim against the United States. Although it is correct that pro se complaints should be read liberally, there is no mistaking the fact that plaintiff has not named the United States as a

---

[1] Because the individual defendants, except for defendant Watts, have not all been properly served in their individual capacities, they do not join this motion in an individual capacity and hereby preserve all defenses available to them in an individual capacity, including without limitation, immunity from suit.

defendant for his tort claim, instead naming the Bureau of Prisons and certain of its employees. Although a *possible* remedy for plaintiff's pleading error could be for this Court to substitute the United States, substitution is not necessary or warranted in this case because of the numerous other deficiencies in plaintiff's complaint, as set forth in defendant's motion to dismiss and further explained herein. See Childress v. Northrop Corp., 618 F. Supp. 44, 48 (D.D.C. 1985) ("Were this the only defect in plaintiff's action against the Government, the Court would allow plaintiff to seek leave to substitute the United States as a defendant.").

      B.      **Venue Is Improper in this Court**

Pursuant to 28 U.S.C. § 1402(b), proper venue for a tort claim under the FTCA is *only* proper in either the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. There is no dispute that plaintiff resides in the District of Maryland and that plaintiff's claim arises from alleged events that occurred at FCI Allenwood, located in the Middle District of Pennsylvania. Therefore, venue for plaintiff's FTCA claim does not lie in the United States District Court for the District of Columbia.

In response to these undisputed facts, plaintiff asserts that he may maintain a claim in this Court because he was sentenced in the Superior Court for the District of Columbia, and because he has a Privacy Act case also pending in this Court. Unfortunately for plaintiff, his claims that these factors support venue in this Court are not supported by the statute. Accordingly, venue is improper in this Court and plaintiff's FTCA claim should be dismissed or transferred to an appropriate judicial district, either the Middle District of Pennsylvania or the District of Maryland.

**II.     PLAINTIFF'S BIVENS CLAIM MUST BE DISMISSED**

    **A.     Bivens Liability Does Not Extend to the Bureau of Prisons**

Plaintiff's opposition asserts that he may somehow maintain a <u>Bivens</u> claim against the Bureau of Prisons based upon some duty he alleges that the BOP has to "finance, supervise and train administrative officials in disciplinary procedures, ensuring that their employees performed their duty of conducting fair disciplinary hearings and making specific findings based on evidence presented." Opp. pp. 5-6. Plaintiff's claim against the BOP is fundamentally flawed; the Supreme Court, in <u>FDIC v. Meyer</u> unanimously rejected this claim and refused to extend <u>Bivens</u> to imply a cause of action directly against the United States or a federal agency. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994). <u>See</u> also <u>Drake v. F.A.A.</u>, 291 F.3d 59, 72 (D.C. Cir. 2002), <u>cert.</u> <u>denied</u>, 123 S.Ct. 1295 (2003) (stating that it is "well-settled" that <u>Bivens</u> liability cannot be imposed on an agency of the federal government); <u>Adeogba v. Migliaccio</u>, 266 F. Supp.2d 142, 145 n.2 (D.D.C. 2003) (concluding that a <u>Bivens</u> suit against the INS should be dismissed for lack of subject matter jurisdiction because sovereign immunity prevents <u>Bivens</u> actions against the United States and its agencies); <u>Mac'Avoy v. Smithsonian Inst.</u>, 757 F. Supp. 60, 69 (D.D.C. 1991) (noting that the <u>Bivens</u> doctrine does not apply to lawsuits brought against the federal government and are routinely dismissed for lack of subject matter jurisdiction). Therefore, plaintiff's <u>Bivens</u> claims against the Bureau of Prisons should be dismissed under Rule 12(b)(1) for lack of jurisdiction.

    **B.     The Court Lacks Personal Jurisdiction Over All Defendants**

In response to defendants' argument that the Court must dismiss all <u>Bivens</u> claims against the non-resident defendants for lack of personal jurisdiction, plaintiff argues that these

defendants are subject to personal jurisdiction in the District of Columbia because they have allegedly violated BOP rules that were written in the District of Columbia. Other than being BOP employees (who work outside of this jurisdiction), plaintiff points to no actions or inactions that these individuals actually took in the District of Columbia.[2] The mere fact that these defendants are employees of BOP, the headquarters office of which is located in the District of Columbia, does not render them subject to suit in their individual capacities in the District of Columbia. See Stafford v. Briggs, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Thus, because personal jurisdiction of the individual defendants is not proper in this jurisdiction, plaintiff's claims should be dismissed.

### C. Plaintiff Has Not Perfected Service Against All Federal Defendants

Plaintiff asserts that he is not required to serve all defendants in their individual capacity until the Court decides that the case should go forward, and because he has applied for in forma pauperis status.[3] In so arguing, plaintiff concedes that he has not perfected service against all defendants in their individual capacities, making dismissal appropriate. Even if plaintiff's argument did provide him with an excuse not to perfect service, and getting the complaint served

---

[2] Although BOP Inmate Appeals Administrator Watts *works* in the District of Columbia as an employee of the Department of Justice, he does so only in his official capacity conducting business for his employer, and plaintiff *only* seeks to hold Mr. Watts liable through respondeat superior liability, which is inappropriate in a Bivens action.

[3] In reviewing the docket sheet, it does not appear that plaintiff has been granted IFP status, nor does it appear that plaintiff has paid the filing fee. For purposes of this argument, however, defendants presume plaintiff will be granted IFP status. To the extent he is not granted, plaintiff himself bears the responsibility for serving all defendants in their individual capacities.

is his responsibility. Plaintiff is still required to either serve the complaint or, if the Court relieves him of this responsibility, provide the Court with service addresses for the individual defendants. Plaintiff has not done neither and, accordingly, his claims should be dismissed.

**D.    Venue is Improper in this Court**

Venue in Bivens cases is governed by 28 U.S.C. § 1391(b). See Stafford v. Briggs, 444 U.S. 527, 544 (1980); Cameron, 983 F.2d at 257; Pollack v. Meese, 737 F. Supp. 663, 665 (D.D.C. 1990). Under section 1391(b), a Bivens cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). None of the defendants reside in the District of Columbia and a substantial part of the alleged events or omissions giving rise to plaintiff's claims did not take place in the District of Columbia, but rather in Pennsylvania. Plaintiff, however, argues that venue is proper in this district because this is where Defendant Watts allegedly learned of the wrongdoing and did nothing about it. In effect, plaintiff bases his venue argument on the alleged respondeat superior liability of defendant Watts. Because respondeat superior liability is not proper in a Bivens case, venue is improper in this district and the Court should dismiss plaintiff's Bivens claims under Federal Rule of Civil Procedure 12(b)(3).[4]

---

[4] Under 28 U.S.C. § 1406(a), if the venue is improper, the Court may transfer the case to a district where it could have been properly brought in the interest of justice. However, this case would be subject to dismissal no matter where it is transferred because plaintiff's complaint centers on a challenge to the validity of the Disciplinary Hearing Officer hearings in which plaintiff was found to have committed a prohibited act. Because plaintiff's sanctions specifically included a forfeiture of statutory good conduct time, he is required to first successfully challenge and overturn the disciplinary proceeding before bringing a Bivens claim. See Heck v. Humphrey,

### E. Plaintiff Failed to Exhaust His Administrative Remedies under the PLRA

Plaintiff admits he failed to exhaust his administrative remedies relating to his claims in this Court. Specifically, plaintiff's opposition confirms that he was informed he had to reinstate any appeal following remand, but was released from prison prior to filing such an appeal. Opp. p. 12. Thus, this Court should dismiss plaintiff's claim for failure to exhaust administrative remedies.

### F. Heck v. Humphries Precludes Collateral Attack of a Disciplinary Action in a Bivens Action

While plaintiff's opposition recites defendant's arguments relating to the fact that Heck v. Humphries, 512 U.S. 477 (1994) precludes his claims in this action, he offers no argument in response. Accordingly, plaintiff has conceded this argument and his claims should be dismissed.

### F. Defendants Named In Their Official Capacities Are Protected By Sovereign Immunity And Should Be Dismissed As Defendants

Plaintiff requests that he be permitted to maintain his claims and respond to the argument that the defendants are protected by sovereign immunity from money damages in their official capacities. There is no need for these claims to proceed to discovery when they are clearly barred. F.D.I.C. v. Meyer, 510 U.S. 471 (1994). E.g., Pereira v. United States Postal Service, 964 F.2d 873 (9th Cir. 1992); Platsky v. C.I.A., 953 F.2d 26 (2d Cir. 1991); Rivera v. United States, 924 F.2d 348 (9th Cir. 1988); McCollum v. Bolger, 794 F.2d 602 (11th Cir. 1986), cert. denied, 107 S.Ct. 883 (1986).

---

512 U.S. 477 (1994). Therefore, outright dismissal better serves the interests of justice.

     **G.**    **The Individual Defendants are Entitled to Dismissal on the Basis of Qualified Immunity Since the Allegations of the Complaint Do Not Amount to the Violation of a Clearly Established Constitutional Right**

Defendants' motion to dismiss provided a clear explanation of the law applicable to the qualified immunity question and explained why plaintiff failed to overcome the qualified immunity hurdle. In response, plaintiff argues that he should have prevailed in the disciplinary hearing and, therefore, his Bivens claim is proper. Opp. p. 16-17. In sum, although plaintiff may allege a violation of BOP regulations, he does not allege a violations of clearly-established constitutional law such that a Bivens claim is proper. Accordingly, this Court should dismiss plaintiff's Bivens claim on the basis that all of the individually-named defendants are entitled to qualified immunity.

     **H.**    **Defendants Named Because of Their Administrative Capacities Cannot Be Held Liable via Respondeat Superior**

Respondeat superior liability does not exist under Bivens. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1987). Instead, a defendant is liable for his personal acts only. Id. The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability. Id., citing Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987); see also Rizzo v. Goode, 423 U.S. 362 (1976)(Defendants in Bivens action dismissed if no personal involvement or participation in alleged unconstitutional actions.); Durmer v. O'Carroll, 991 F.2d 64 (3rd Cir. 1993) (Respondeat superior is not acceptable basis for liability under §1983.). The District of Columbia Circuit has repeatedly rejected respondeat superior as a basis for the imposition of Bivens liability and required plaintiffs to allege the personal involvement of each defendant in the events that gave rise to the plaintiffs' claims. See, e.g., Risley v. Hawk, 108 F.3d 1396 (D.C. Cir. 1997) (explaining that absent allegations of personal

involvement, claims against federal officials are based on respondeat superior, and are not cognizable in a Bivens action); Haynesworth v. Miller, 820 F.2d 1245, 1259 (D.C. Cir. 1987) (noting that fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts).

Plaintiff does not identify any direct involvement by Defendants Dodrill and Watts in the alleged constitutional violations. Rather, plaintiff merely names them in the Complaint in their respective supervisory capacities. Thus, as the case law establishes, the plaintiff has no viable cause of action against them. See Estate of Rosenberg, 56 F.3d at 37; Rizzo, 423 U.S. 362.

## CONCLUSION

For the reasons set forth herein, as well as those set forth in defendants' motion to dismiss, defendants respectfully request that the Court dismiss plaintiff's claims in their entirety.

| | |
|---|---|
| March 7, 2007 | Respectfully submitted, |

                                           /s/
                                  JEFFREY A. TAYLOR, D.C. Bar # 498610
                                  United States Attorney

                                           /s/
                                  RUDOLPH CONTRERAS, DC BAR #434122
                                  Assistant United States Attorney

                                           /s/
                                  JOHN F. HENAULT, D.C. Bar # 472590
                                  Assistant United States Attorney
                                  555 4th Street, N.W.
                                  Washington, DC 20530
                                  (202) 307-1249
                                  (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

On March 7, 2007, a true and correct copy of the foregoing was sent to plaintiff by first-class mail, postage prepaid, at

**ERNEST SIMPSON**
5701 37th Avenue
Hyattsville, MD 20782

_____/s/_____
John F. Henault
Assistant United States Attorney