**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| ERNEST SIMPSON,                  | ) |                              |
|                                  | ) |                              |
|                Plaintiff,        | ) |                              |
|                                  | ) |                              |
|           v.                     | ) | Civil Action No. 06-1090 (CKK) |
|                                  | ) |                              |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |                          |
|                                  | ) |                              |
|                Defendants.       | ) |                              |

_____)

## <u>MEMORANDUM  OPINION</u>

This matter is before the Court on defendants' motion to dismiss.[1]  For the reasons stated below, the Court will deny the motion without prejudice and transfer this action to the United States District Court for the Middle District of Pennsylvania.

### I.  BACKGROUND

At all times relevant to the complaint, plaintiff was incarcerated at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania.  Complaint ("Compl.") ¶ 5.  Plaintiff was released from the custody of the Federal Bureau of Prisons ("BOP") on March 7, 2005, Plaintiff's Response to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), Affidavit of Ernest Simpson ("Pl.'s Aff.") ¶ 2, and presently resides in Ruther Glen, Virginia.  *See* Compl. (caption).

The claims set forth in the complaint arose from a November 12, 2003 Incident Report which charged plaintiff with a disciplinary violation, Receiving Money from Another Inmate for

---

[1]     In addition, the Court will deny without prejudice plaintiff's "Motion In Limine."

a Prohibited Purpose. *See* Compl. ¶¶ 12-24. FCI Allenwood staff monitoring incoming money

transactions described the incident as follows:

> On November 7, 2003, [SIS Technician Margie A. Cook] monitored
> money transactions which were received in the mail on November 3,
> 2003. In doing so, [Cook] found a money order, dated October 30,
> 2003, for $200, which was sent to [plaintiff]. The sender was Tawana
> Grimes . . . [who] is an associate of Inmate Ingram [], which can be
> confirmed by Ingram's money trail. Ingram has sent thousands of
> dollars to Tawana Grimes since November of 2002, allegedly in
> preparation of his upcoming wedding. Inmate Ingram received a
> $300 money order from Ms. Grimes on November 3, 2003, which
> was purchased on the same date (October 30, 2003) as [plaintiff's]
> money order. It is apparent that Ms. Grimes was sending money to
> [plaintiff] on Inmate Ingram's behalf. This type of money transaction
> is unauthorized.

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.'

Mot."), Attach. C (November 12, 2003 Incident Report Number 1161850) at 1 (page numbers

designated by the Court). Lieutenant Passaniti conducted an investigation, advised plaintiff of

his rights, and referred the matter to a Disciplinary Hearing Officer ("DHO"). *See id.*, Attach. C

at 2, Attach. D (Notice of Discipline Hearing Before the DHO dated November 14, 2003), &

Attach. E (Inmate Rights at Discipline Hearing).

DHO Bittenbender conducted a hearing on November 20, 2003. Defs.' Mot., Attach. F

(November 20, 2003 DHO Report) at 1. Plaintiff made a statement denying any knowledge of

the source of the money Ms. Grimes sent him. *Id.* Although plaintiff assisted Inmate Ingram

with legal matters, plaintiff stated that he did not ask for any compensation. *Id.* The DHO

viewed the content of the underlying Incident Report as "inculpatory in this case," and found the

money orders a clear indication of an exchange of money from the same source, Ms. Grimes,

from Ingram to plaintiff. *See id.* at 2. Accordingly, the DHO concluded that plaintiff

"committed the prohibited act(s) of Receiving Money from Another Inmate for a Prohibited Purpose, Code 217, on November 3, 2003, at FCI Allenwood, PA." *Id.* at 3.  To punish plaintiff for his misconduct, the DHO ordered his placement in disciplinary segregation, forfeiture of statutory good conduct time (27 days), loss of commissary privileges (180 days), and loss of his job as an orderly.  *Id.*

Plaintiff challenged the disciplinary proceedings by filing an inmate grievance.  Defs.' Mot., Attach. I ("Zgrodnik Decl.") ¶ 5 & Attach. 3 (Regional Administrative Remedy Appeal No. 320229-R3).  Generally, plaintiff asserted that he was denied due process of law because the DHO refused to postpone the hearing so that plaintiff could obtain representation by a staff member, failed to explain his findings of guilt, made his decision based on insufficient evidence, and imposed sanctions disproportionate to the offense.  *Id.*, Attach. 3 at 1-2.  BOP's Northeast Regional Director, D. Scott Dodrill, found that there were "questions concerning the specific evidence relied upon to find [plaintiff] committed the prohibited act" and thus remanded the matter for further investigation.  *Id.*, Attach. 3 (February 19, 2004 Response to Appeal No. 320229-R3).

On rehearing, plaintiff was charged with and found to have committed "Conduct which disrupts the orderly running of the institution, most like: Receiving Money From Another Inmate for a Prohibited Purpose."  Defs.' Mot., Attach. G (March 4, 2004 Amended DHO Hearing Report) at 1, 3.  Plaintiff challenged this DHO decision by filing another inmate grievance. Zgrodnik Decl. ¶ 6 & Attach. 4 ( (Regional Administrative Remedy Appeal No. 329151-R1). The Regional Director's response noted that "the DHO has ordered a rehearing of this disciplinary action," and that, upon receipt and review of the new DHO decision, plaintiff could

file another appeal. *Id.*, Attach. 4 (April 23, 2004 Response to Appeal No. 329151-R1).
Dissatisfied with the Regional Director's response, plaintiff filed an appeal to BOP's Central
Office. *Id.*, Attach. 5 (Central Office Administrative Remedy Appeal). Also noting that a DHO
rehearing had been ordered, plaintiff again was informed of his right to appeal the DHO's
decision on rehearing. *Id.*, Attach. 5 (May 19, 2004 National Inmate Appeals Administrator
Response to Remedy No. 329151-A1).

On rehearing, because the charge for "Conduct which disrupts, most like
Giving/Receiving Money from another inmate for prohibited purposes, code 299 most like code
217 [was] unsubstantiated," the DHO found that "the charge for Giving receiving anything of
value (Code 328) at a lesser severity level is supportive [sic] throughout the report." Defs.' Mot.,
Attach. H (Amended DHO Hearing Report) at 3. The DHO concluded that plaintiff committed
this offense and issued an amended report on January 11, 2005. *Id.* at 1. According to
defendants, plaintiff filed no inmate grievance with respect to the January 11, 2005 amended
DHO report. Zgrodnik Decl. ¶ 7.

In September 2005, plaintiff submitted an administrative claim under the Federal Tort
Claims Act ("FTCA") to the BOP stemming from the November 3, 2003 incident. Compl. ¶ 2.
He demanded $850,000 as compensation for the sanctions imposed as a result of the DHO's
decisions. *See* Defs.' Mot., Attach. A (Claim for Damage, Injury or Death dated September 5,
2005). The BOP denied plaintiff's claim. *Id.*, Attach. B (February 28, 2006 letter regarding
Administrative Tort Claim No. TRT-NER-2005-04683).

Plaintiff brings this action against BOP Director Lappin, SIS Technician Cook, Regional
Director Dodrill, and DHO Bittenbender in their official capacities and in their individual

4

capacities pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. ¶ 1. He also brings a claim against the BOP under the Federal Tort Claims Act ("FTCA:"), *see* 28 U.S.C. § 2671 *et seq*. *Id*. ¶¶ 1-4.

## II.  DISCUSSION

### A.  The Court Lacks Personal Jurisdiction over Defendants Dodrill, Bittenbender and Cook in their Individual Capacities

Plaintiff brings this action against four BOP employees in their official and individual capacities. Compl. ¶¶ 8-11. Defendants move to dismiss on the ground that this Court lacks personal jurisdiction over defendants Dodrill, Bittenbender, and Cook in their individual capacities.[2] *See* Defs.' Mot. at 11-14.

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422 (2001). Defendants

---

[2]     Defendants Watts and Dodrill were served properly in their individual capacities. *See* Dkt. #14, 17 (Notice and Acknowledgment of Receipt of Summons and Complaint by Mail). Defendants Bittenbender and Cook move to dismiss on the ground that service of process on them in their individual capacities did not comply with Rule 4(e) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. at 14-16. Review of the Court's docket indicates that the United States Marshal attempted service on these defendants by mailing each a copy of the summons and complaint at FCI Allenwood. *See* Dkt. #8-9 (Notice and Acknowledgment of Receipt of Summons and Complaint by Mail). The signatures on the return receipts do not appear to be those of the defendants. *See id.*

The Court recognizes that plaintiff is proceeding *in forma pauperis*. *See* Dkt. #2. The Clerk of Court and the United States Marshals Service are responsible for the issuance and service of process on his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). The Court will not penalize plaintiff for any shortcomings of service where plaintiff had no direct control over how service is made, and therefore the Court will not dismiss claims against defendants Bittenbender and Cook on this ground.

Dodrill, Bittenbender, and Cook are not alleged to reside or to do business in the District of Columbia. *See* Compl. ¶¶ 9-11.

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Servs., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."[3] D.C. Code § 13-423(a) (2001). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1993) (citing *First Chicago Int'l v. United Exch. Co*., 836 F.2d 1375, 1378 (D.C. Cir. 1988)). Plaintiff does not meet this burden.

Plaintiff does not allege that defendants Dodrill, Bittenbender and Cook transact any

---

[3]     The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. *See* D.C. Code § 13-423(a). None of these alternatives is relevant in this case.

6

personal business in the District of Columbia.  Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990), the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia other than their federal employment.

Plaintiff raises several arguments in favor of this Court's exercise of personal jurisdiction over defendants Dodrill, Bittenbender and Cook: that the BOP's headquarters office is in the District of Columbia, that the disciplinary regulations under which he was charged and sanctioned were written in the District of Columbia, that his appeal to the Central Office was decided here, and that the defendants may request legal representation from the United States Department of Justice.  *See*  Pl.'s Opp'n at 7-8.  None of these arguments are persuasive.  The mere fact that these defendants are employees of the BOP, the headquarters office of which is in the District, does not render them subject to suit in their individual capacities in the courts of the District of Columbia.  *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity).

Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia.  The actual injuries of which plaintiff complains occurred in Pennsylvania. Regardless of whether these defendants acted in or outside of the District of Columbia, plaintiff suffered no injury here.  Accordingly, the Court concludes that it lacks personal jurisdiction over defendants Dodrill, Bittenbender and Cook in their individual capacities.

*B.  Venue in this District is Improper*

In the alternative, defendants move to dismiss on the ground that venue is improper.  *See* Defs.' Mot. at 16-17.

1.  *Bivens* Claims

"Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  Venue in a *Bivens*  case is governed by 28 U.S.C. § 1391(b).  *Stafford v. Briggs*, 444 U.S. at 544; *Cameron v. Thornburgh*, 983 F.2d at 257 (applying § 1391(b) to *Bivens* action); *Freeman v. Fallin*, 254 F. Supp. 2d 52, 57 (D.D.C. 2003) (same).  Under that provision, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  Thus, venue is proper if the "activities that transpired in the forum district were not insubstantial in relation to the totality of the events" plaintiff alleges.  *Lamont v. Haig*, 590 F.2d 1124, 1134 n.62 (D.C. Cir. 1978).

The Court concludes that venue is improper in this district.  All of the defendants do not reside in the District of Columbia, none of the events relevant to this case occurred in this district, and there is another district where this action otherwise may be brought.  The events described in the complaint, including the underlying  disciplinary proceedings, occurred

principally at FCI Allenwood in White Deer, Pennsylvania.

2. FTCA Claim

Generally, the FTCA waives the sovereign immunity of the United States for tort liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).[4] An FTCA action against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 592 F. Supp. 374, 378 (D.D.C. 1984). Plaintiff does not reside in the District of Columbia, and no significant event related to this action occurred in the District of Columbia. The location of the agency's headquarters office does not establish venue in this district. *See Bartel v. Fed. Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985) (District of Columbia location of headquarters irrelevant to determining proper venue for FTCA claim, where plaintiff resided in Maryland and no events occurred in District of Columbia). The alleged events occurred in Pennsylvania where FCI Allenwood is located, and plaintiff currently resides in Virginia. The Court concludes that venue in the District of Columbia is not proper under 28 U.S.C. § 1402(b) for plaintiff's FTCA claim.

---

[4]     Only the United States is a proper defendant to a claim under the FTCA. 28 U.S.C. §§ 1346(b)(1), 2679(a); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990). The Court declines to dismiss the FTCA claim on the ground that plaintiff failed to name the United States as a defendant to this action. Plaintiff is proceeding *pro se*, and therefore enjoys greater leeway. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). His intention to bring the FTCA claim against the United States is clear, and a pleading defect of this nature may be remedied by amending the complaint.

9

*C.  Transfer to this Action is in the Interest of Justice*

Having concluded that venue is improper in the District of Columbia, the Court must either dismiss the action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The decision whether a transfer or a dismissal is in the interest of justice, however, rests within the sound discretion of the district court."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).  Transfer is appropriate "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits."  *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983).  Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Review of plaintiff's complaint and the factual allegations therein suggest that the United States District Court for the Middle District of Pennsylvania will have personal jurisdiction over the two defendants most involved with the underlying disciplinary proceedings and that venue will lie in that district.  Accordingly, the Court will transfer this action.  *See, e.g., Adrian v. United States*, No. 04-1721, 2006 WL 763076, at *2-3 (D.D.C. Mar. 13, 2006) (transferring FTCA claim against United States and *Bivens* claims against FBI agent to district where alleged actions occurred).  An Order consistent with this Memorandum Opinion will be issued separately.


                                                    */s/*
                                          _____
                                          COLLEEN KOLLAR KOTELLY
Date:   August 2, 2007                    United States District Judge

10